## MAGNOLIA PETROLEUM CO. v. WALL et al.

No. 23217.   Opinion Filed Nov. 15, 1932.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Reid, Lewis & Reid, for respondents.

HEFNER, J.  This is an original proceeding in this court by the Magnolia Petroleum Company to review an order of the Industrial Commission awarding compensation to C. N. Wall.  The Commission awarded claimant compensation for 32 weeks at the rate of $18 per week, or a total of $576, because of temporary total disability from October 1, 1930, to May 19, 1931, and also allowed him compensation at the rate of $18 per week for 35 weeks, or a total of $630, because of 20 per cent. partial permanent disability to his left leg.

Petitioner asserts that the award is contrary to law and there is no competent evidence to support the finding of the Commission that claimant sustained an accidental personal injury while in the course of his employment with it.

Wall testified that he was in the employ of petitioner on and before September 2, 1930, as a tool repair man; that he received an injury on this date while repairing a bit when a steel ram weighing 350 pounds struck him on the inside of the left knee.  Dr. Cameron, physician for petitioner, dressed the knee daily for several weeks. His leg became swollen and there was a formation of pus.  He remained at work until October 1, 1930, at which time he left the employ of petitioner for the reason that there was no further work for him to do. He did not leave because of his injury, but during the time he remained at work he suffered great pain and remained at work with great difficulty and because he was badly in need of the money; he was lame and limped during all that time.  Other employees for petitioner testified that claimant was injured above the knee as claimed; that there was a cut and bruise above the knee; that he remained in the employ of petitioner until October 1, 1930, but appeared to be lame and suffering great pain during all the time he was working.  Claimant further testified that shortly after he ceased working, he was examined by Dr. Von Wedel at Oklahoma City; that following that examination he entered a hospital at Baylor, Tex., and remained there 34 days; that he still suffered pain in his knee and was unable to do manual labor.  Dr. Shaw, who examined him sometime after the injury, testified that he discovered a scar on the inside of his left leg just about level with the knee; that there was a creptus and popping in his knee, a weakened condition of the musculature and a tenderness along the course of the sciatic nerve; that the left leg is ¾ inch smaller than the right; that claimant has sustained a 50 per cent. permanent partial loss of the use of his left leg, and from the history of the case given him, it is his opinion this condition is due to the injury received by claimant. Dr. Cameron, who treated claimant, together with other physicians who thereafter treated him, testified that claimant's injury is superficial and no permanent injury resulted therefrom.

It will thus be seen that there is a conflict in the evidence.  The evidence, however, offered on behalf of claimant. under the rule relating to industrial cases, is sufficient to support the order of the Commission.

The petition to vacate is denied.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.  CLARK, V. C. J., and RILEY, J., absent.