401 P.2d 93

**Walter R. LOTT, Petitioner,**

v.

**Harold A. COX, Warden of the New Mexico State Penitentiary, Respondent.**

**No. 7846.**

Supreme Court of New Mexico.

April 12, 1965.

Edward T. Johnson, Santa Fe, for petitioner.

Thomas O. Olson, Sp. Asst. Atty. Gen., Santa Fe, for respondent.

PER CURIAM.

Petitioner seeks his release from the custody of the Warden of the New Mexico State Penitentiary on the ground that the commitment under which he is being confined is void.

After serving part of a sentence following his conviction of the crime of breaking and entering in Cause No. 5047, Curry County, the petitioner was returned from the penitentiary and charged by separate information in Cause No. 5062 with having been convicted of prior felonies (§ 41–16–4, N.M.S.A., 1953, since repealed and replaced by §§ 40A–29–5 through 9 N.M.S.A., 1953). A jury found him to be the same person as the one convicted of such prior felonies, and the trial court thereupon vacated the sentence imposed in Cause No. 5047 and sentenced him in Cause No. 5062 to confinement in the New Mexico State Penitentiary for the remainder of his natural life.

Three questions respecting the proper procedure to invoke the enhanced punishment required by the Habitual Criminal Act should be resolved. Does the statute require (1) that determination of identity be made in the felony case in which the increased punishment is sought to be imposed,

(2) may sentence be imposed in a separate case alleging prior convictions, and (3) does the statute require that sentence be first imposed in the felony conviction and then vacated before the increased punishment prescribed by the Habitual Criminal Act may be imposed? The answer to all three questions is no.

The Habitual Criminal statutes of some states, because of their language, have been held to require that the prior convictions be alleged as a part of the information or indictment charging the felony. 58 A. L.R. 57; 82 A.L.R. 363; and 116 A.L.R. 227. Our Habitual Criminal Act, however, provides for a separate and subsequent determination of the accused's identity as the person previously convicted. § 41–16–4 N. M.S.A., 1953, expressly says that the determination of such identity may only be made "after sentence or conviction" in the felony case in this state, and grants a right of separate jury trial on the issue of identity. Not only does the language of § 41–16–4 make it clear that a judicial determination of identity may not properly be made prior to conviction in the felony case, but § 41–6–25 N.M.S.A., 1953, expressly prohibits an allegation of prior convictions in any information charging a crime in this state unless such allegation is necessary to charge the crime under § 41–6–7 N.M.S.A., 1953.

Clearly our statute contemplates and permits charging prior convictions by a separate information filed in a separate case in which the only issue is the identity of the accused as the person previously convicted of crimes within the meaning of the act. Cf. State v. McCraw, 59 N.M. 348, 284 P.2d 670. Habitual criminality, however, is a status rather than an offense, so that allegations of prior convictions do not constitute a charge of a distinct crime, but only relate to the punishment to be imposed in the last case in which the accused was convicted of a felony in this state. French v. Cox, 74 N.M. 593, 396 P.2d 423.

Unquestionably § 41–16–4 was enacted to give a person convicted of a felony in this state charged with being an habitual criminal the right to a separate trial before a jury and requiring the state to prove in such separate proceedings the identity of the accused as the person alleged to have been convicted of the former crimes. We find nothing in our statutes which prohibits the filing of a separate and supplemental information in the New Mexico felony case alleging such prior convictions, so long as the issue of identity is determined after the conviction in such felony case.

Regardless of whether the identity is determined in a separate case or in a

separate proceeding in the felony case following conviction therein, if such identity is established, the enhanced sentence required by the Habitual Criminal Act may only be imposed in the felony case. There is no requirement of law that the punishment for the felony of which accused was convicted be first imposed and then vacated in order to impose the increased punishment prescribed by the Habitual Criminal Act. If the determination of identity is made before sentence has been imposed in the felony case, the increased punishment prescribed by that act is to be imposed in the felony case. If, however, such determination is made after sentence, then such sentence must be vacated and a new increased punishment must be imposed in the felony case.

It follows that the sentence imposed in Cause No. 5062, Curry County, is a nullity and the commitment issued in that case is void.

The petitioner will be remanded to the custody of the Sheriff of Curry County, New Mexico, to be by him held to await the further action of the district court of Curry County, New Mexico, which shall proceed in a manner not inconsistent with this opinion.

It is so ordered.