412 P.2d 249

**Walter R. LOTT, Petitioner,**

**v.**

**Harold A. COX, Warden of the New Mexico State Penitentiary, Respondent.**

**No. 8072.**

Supreme Court of New Mexico.

· March 7, 1966.

Edward T. Johnson, Santa Fe, for petitioner.

Myles E. Fint, Asst. Atty. Gen., Santa Fe, for respondent.

NOBLE, Justice.

Walter R. Lott was convicted May 17, 1961 in Cause No. 5047, Curry County, of breaking and entering, and was sentenced May 23, 1961 to serve not less than one nor more than three years. On May 19, 1961, he was charged in Cause No. 5062 with prior felonies, and a jury determined October 8, 1962 that he had been convicted of four prior felonies. At that time, the court, in Cause No. 5062, vacated the sentence theretofore imposed in Cause No. 5047 and sentenced him to life imprisonment.

In a prior habeas corpus proceeding, Lott v. Cox, 75 N.M. 102, 401 P.2d 93, we held that the Habitual Criminal Act creates no new offense but merely provides a proceeding by which to determine the penalty to be imposed on one previously convicted in this state of a felony, and declared the sentence imposed in Cause No. 5062 to be void. Lott was thereafter resentenced on April 28, 1965 in the breaking and entering case to the enhanced penalty of life imprisonment.

At the time of resentencing, the petitioner had completely served the sentence which was revoked. He now claims that the completely served sentence could not be vacated and another sentence imposed in its place. The precise question is one of first impression in this state but has been resolved by the courts of some other states. Our research has disclosed that with the exception of Florida, all of the courts, construing statutes in language almost identical to our Habitual Criminal Act, have said that those statutes permit the imposition of the enhanced punishment, even though the maximum sentence for the felony conviction which gave rise to it had been completely served.

The pertinent portion of § 41–16–4 N.M.S.A.1953, the applicable statute, reads·

"If at any time, *either after sentence or conviction*, it shall appear that a person convicted of a felony has previously been convicted of crimes, * * it shall be the duty of the district attorney, * * * to file an information accusing the said person of such previous convictions. Whereupon the court, * * * shall cause the said person, *whether confined in prison or otherwise*, to be brought before it and shall inform him of the allegations * * * and of his right to be tried as to the truth thereof according to law, * * *. If the jury finds that he is the same person, * * * the court shall sentence him to the punishment above prescribed, * * * and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated. * * *" (Emphasis ours.)

In construing the New York Baumes Law from which most habitual criminal laws were taken, the courts of that state held that the legislature not only had not limited the time within which the prescribed procedure shall be followed, but on the contrary, People v. Kaiser, 230 App.Div. 646, 246 N.Y.S. 309, said that the language of the act expressly directs that the habitual criminal procedure be followed upon discovery of prior convictions "at any time, either after sentence or conviction" and that the prisoner shall be resentenced "whether con-

fined in prison or otherwise." The New York court denied the contention that the sentence required by law had been completed when it said:

"But that sentence was insufficient in the light of the facts which were discovered after it was imposed, * * *."

New York was followed in Ohio, Louisiana, Washington, and Oregon, whose statutes are patterned after the New York law. State v. Sudekatus, 72 Ohio App. 165, 51 N.E.2d 22; In re Sims, Ohio App., 104 N.E.2d 193; State v. George, 218 La. 18, 48 So.2d 265; Ex Parte Towne, 14 Wash.2d 633, 129 P.2d 230; Little v. Gladden, 202 Or. 16, 273 P.2d 443.

Attention is called to the fact that these courts placed special emphasis upon language of their statutes identical with the italicized language of our habitual criminal law.

It is significant that Oregon, in Little v. Gladden, supra, determined that it had fallen into error in holding in Ex Parte Broom, 198 Or. 551, 255 P.2d 1081, that a completely served sentence imposed in the felony conviction could not be vacated nor could any other sentence be imposed for that crime. In Little v. Gladden, supra, it was said that the error in Broom consisted of failure to give full effect to the legislative direction that an habitual criminal proceeding may be commenced by filing an information "at any time, either after

sentence or conviction," and whether the person is "confined in prison or otherwise.". Broom was expressly overruled.

Because the Oregon court followed with a construction of the foregoing language, identical with our own, we quote the following from Little v. Gladden, supra, as especially pertinent:

"The statutory language must be taken to mean what it says, and a limitation cannot properly be placed on the command and authorization of the legislature where the legislature has placed none. In a word, we think that the legislature neither said nor intended that an information might be filed at any time either after sentence or conviction, *provided the person informed against had not fully served the previous sentence*, and therefore that the court may not add this proviso to the statute. * * *"

The Louisiana court in State v. George, supra, had before it a set of facts more extreme than those in the instant case. There the defendant had not only completed service of the maximum sentence but had been discharged before the filing of the information charging prior convictions. That court, construing statutory language identical with our own, held valid a resentence to the enhanced punishment required by the habitual act, saying that the legislature had "set no time limit for initiating the procedure for sentencing habitual criminals," and that the language identical with that italicized in our statute requires an habitual criminal charge against a person whose prior criminal record brings him within the terms of the recidivist act "at any time * * * whether confined in prison or otherwise * * *" even though he may have served the last sentence imposed by reason of a felony conviction.

Where, as here, the information charging prior convictions was filed after conviction of the felony but prior to sentence, the Supreme Court of Washington said the trial court was without power to sentence in the felony case until the question of prior convictions was determined because the court could not know what sentence was mandatory under the statute. Ex parte Towne, supra; State ex rel. Edelstein v. Huneke, 138 Wash. 495, 244 P. 721, 722.

Compare the Virginia decisions where that court limited the right to resentence a prisoner to the increased penalty after completion of the maximum sentence only if (1) the information charging prior convictions is filed while he is serving the sentence which forms the basis thereof, and (2) that action is taken thereon before he is released from the penitentiary. Deiter v. Commonwealth, 205 Va. 771, 139 S.E. 2d 788; Lawrence v. Commonwealth, 206 Va. 51, 141 S.E.2d 735. Also, compare Reynolds v. Cochran, 138 So.2d 500, (Fla. 1962), where it was held that a felon who

has "completed all lawful sentences imposed against him" for his last offense, and who has been discharged from custody may not be resentenced because of prior convictions. Reynolds was distinguished in Lawrence v. Commonwealth, supra, upon the ground that there the prisoner had been released after completion of his sentence and was no longer under the supervision or control of the penitentiary authorities.

■ The question, whether an information charging a convicted felon with prior convictions may properly be filed after completion of the maximum punishment prescribed for the offense and release of the prisoner from imprisonment, is not before us and we express no opinion concerning it. Since our statute (§ 41–16–4, supra) says:

"Whenever it shall become known to any warden or prison * * * officer * * * that any person * * * convicted of a felony has been previously convicted, * * * it shall become his duty forthwith, to report the facts to the district attorney of the county[,]"

it is apparent that a proper construction of the statute compels the conclusion that the legislature placed no time limit upon the filing of a recidivist information, at least until expiration of the maximum period

of the punishment prescribed for the felony of which he was convicted and such further period as he may be under the control or custody of the penitentiary authorities. Filing a recidivist information, just as the issuance of any felony warrant, prevents the discharge of the prisoner by the penitentiary until it has been acted upon.

■ The jury's determination that Walter Lott had been convicted of four prior felonies required a life sentence in Cause No. 5047. Sec. 41–16–3, N.M.S.A.1953 (repealed by Ch. 303, Laws 1963, and reenacted as §§ 40A–29–5 through 40A–29–8, N.M.S.A.1953). The order of vacation of the previous sentence amounts only to a formal recognition of the fact that the previous sentence has been supplanted by the only sentence which the law recognizes. Little v. Gladden, supra.

The sentence of the court in the felony case (No. 5047) was incomplete, until the resentence in April, 1965, in that the previous sentence was not vacated and the mandatory statutory increased punishment imposed as required by law. However, we see no reason, constitutional or otherwise, why the court which imposed sentence may not correct what it did wrongly by vacating the sentence for breaking and entering and imposing the mandatory sentence in place of the one vacated, as was done on April 28, 1965.

Finally, the petitioner complains that he was not given credit for the time served under the original sentence as required by § 41–16–4, supra. Even though the enhanced sentence is one of life imprisonment, we are not only concerned with the maximum sentence, but the time when the sentence commenced to run is important as it affects the time when the prisoner is eligible for parole. Sneed v. Cox, 74 N.M. 659, 397 P.2d 308. Sec. 41–16–4, supra, expressly requires the sentencing court to deduct "from the new sentence all time actually served on the sentence so vacated." As in Sneed, it is unnecessary to remand the prisoner to the sentencing court. We hold, as there, that this court should, by its order, direct the effective date of the 1965 sentence to be as of the time when the initial sentence, if valid, would have commenced.

Other questions argued have been disposed of by what has been said.

It follows that the writ heretofore issued should be quashed and the petitioner remanded to the custody of the respondent to serve the sentence imposed on April 28, 1965, but effective as of the date of the original sentence, May 23, 1961.

It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.