468 P.2d 636

STATE of New Mexico, Plaintiff-Appellee,

v.

Edward BONNER, Defendant-Appellant.

No. 440.

Court of Appeals of New Mexico.

April 10, 1970.

Lawrence T. Buchmiller, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, James C. Compton, Jr., Asst. Atty. Gen., for appellee.

## OPINION

OMAN, Judge.

Defendant was tried and convicted of armed robbery in the District Court of Bernalillo County. Before sentence was imposed, a supplemental information was filed seeking imposition of an enhanced sentence, pursuant to the provisions of § 40A–29–5(B), N.M.S.A.1953 (Repl. 6), because of his alleged prior convictions of two felonies, to wit, robbery in the State of Texas and burglary in Curry County, New Mexico.

Defendant admitted his prior convictions as charged in the supplemental information. The trial court thereupon entered a judgment of conviction and sentenced defendant to confinement in the penitentiary for a period of not less than fifty years nor more than one hundred and fifty years, as provided by § 40A–29–5(B), supra, and gave credit against this sentence for the period spent by defendant in presentence confinement, as provided in § 40A–29–25, N.M.S.A.1953 (Repl. 6, Supp. 1969).

The case is now before this court on appeal from an order denying defendant's motion to vacate the sentence. He relies upon three points for reversal, but all three relate to and depend upon the validity of his contention that the sentence imposed was improper and in violation of § 40A–29–7, N.M.S.A.1953 (Repl. 6), " * * * in that the trial court did not deduct from the new sentence all time actually served on the next preceding sentence."

His position is that since the only sentence imposed upon him for the offense of armed robbery was the enhanced sentence under § 40A–29–5(B), supra, he was entitled under § 40A–29–7, supra, to have deducted from the enhanced sentence all time actually served by him on his sentence imposed in 1966 for burglary. The language in § 40A–29–7, supra, upon which he relies, is as follows:

"* * * if he acknowledges or confesses in open court * * * that he is the same person and that he has in fact been convicted of such previous crimes as charged, then the court shall sentence him to the punishment as prescribed in section 29–5 [40A–29–5] governing habitual offenders, and the court shall thereupon deduct from the new sentence all time actually served on the next preceding sentence and the remainder of the two [2] sentences shall run concurrent."

In Lott v. Cox, 75 N.M. 102, 401 P.2d 93 (1965), the court was considering the proper procedure to be followed under § 41–16–4, N.M.S.A.1953, repealed and replaced by § 40A–29–5 through 9, N.M.S.A.1953 (Repl. 6). One of the procedural questions posed and answered in the negative in that case was:

"* * * does the statute require that sentence be first imposed in the felony conviction and then vacated before the increased punishment prescribed by the Habitual Criminal Act may be imposed?"

The language of the prior statute, relied upon by the court for support of this position, is present in the successor statutes. Sections 40A–29–6 & 7, supra.

The same argument now being made by defendant could have been made with equal force and logic under the prior statute [§ 41–16–4, supra] in which it was provided:

"* * * If the jury finds that he is the same person or if he acknowledges or confesses in open court, * * * that he is the same person, the court shall sentence him to the punishment above prescribed, as the case may be, *and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated. * * *"* [Emphasis added.]

As shown above, the present statute, [§ 40A–29–7, supra] requires the court to deduct from the enhanced sentence all time

actually served on "the next preceding sentence."

As above stated, the Supreme Court in Lott v. Cox, supra, held that the trial court is not required to impose a sentence for the conviction of a felony before imposing the increased punishment prescribed by the Habitual Criminal Act. However, under the prior Act, if sentence was imposed, the statute required that it be vacated and defendant given credit for all time served thereunder against his enhanced sentence. Lott v. Cox, supra.

If sentence had not been imposed upon the last conviction, the statute did not contemplate that the trial court could or should vacate a sentence which may have been imposed by another court in some other jurisdiction in an earlier case, and the defendant given credit against the new or enhanced sentence for "all time actually served on the sentence so vacated." The concern of the Legislature, as well as of the courts, is to make certain that a defendant is given credit against the enhanced sentence for all time served as a result of being charged and convicted of the last felony. This is important to the defendant, not only because it has effect upon the term of his enhanced sentence, but because of its effect upon the time when he is eligible for parole. Lott v. Cox, 76 N.M. 76, 412 P.2d 249 (1966); Sneed v. Cox, 74 N.M. 659, 397 P.2d 308 (1964).

Obviously the Legislature was endeavoring to give the defendant this protection by the change from the above emphasized language found in § 41–16–4, supra, to the provision in § 40A–29–7, supra, in that he must be given credit for all time "served on the next preceding sentence." Here the court had not imposed sentence, and was not required to do so. Lott v. Cox, 75 N. M. 102, 401 P.2d 93 (1965).

 The Habitual Criminal Act creates no new offense, but merely provides a proceeding whereby one previously convicted of a felony or felonies may be given an enhanced sentence, upon subsequent conviction in this State for another felony. Lott v. Cox, 76 N.M. 76, 412 P.2d 249 (1966). The language of § 40A–29–7, supra, as well as that of the prior statute [§ 41–16–4, supra], contemplates that the court, wherein the person is convicted of the felony for which the enhanced penalty is sought, shall conduct the Habitual Offender proceedings, and shall give credit against an enhanced sentence, for all time actually served under a sentence theretofore imposed for the conviction of the felony in that court and for which defendant is now being given the enhanced sentence. Here no sentence, prior to the enhanced sentence, had been imposed for his conviction of armed robbery. Thus, the language relied upon by defendant was not applicable in this situation.

The order should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.