484 P.2d 364

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Frankie CRUZ, Defendant-Appellant.**

**No. 595.**

Court of Appeals of New Mexico.

April 9, 1971.

David L. Norvell, Atty. Gen., C. Emery Cuddy, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Cruz pleaded guilty to two counts of an indictment charging him with burglary and larceny. He was sentenced for a period of not less than one nor more than five years on each count, and the sentences were to run concurrently from May 15, 1969.

Cruz filed a motion to vacate the sentences under § 21-1-1(93) N.M.S.A.1953. A hearing was granted and the motion denied. The trial court found that there was no denial or infringement of the constitutional rights of Cruz to render the judgment and sentence vulnerable to collateral attack, and that Cruz had not sustained the burden of proof as to the allegations of his motion. Cruz appeals from this order.

We affirm.

There are two claims of error on appeal, (1) Cruz was promised by an assistant district attorney that if he pleaded guilty to the alleged crimes, he would not be charged under the Habitual Criminal Statute; that this was a promise or threat that made his plea of guilty involuntary; (2) the record does not affirmatively reflect that Cruz was fully advised by the trial court at the time of his plea of guilty. . .

Cruz first contends that his plea was not voluntary because he was induced to plead guilty. The hearing before the trial court shows that Cruz was adequately advised by his attorney; that thereafter, Cruz and his attorney initiated conversations with the assistant district attorney about the Habitual Criminal Act. On the day of the guilty plea, Cruz and his attorney . visited the assistant district attorney. His attorney asked, "Will you assure this man if he pleads guilty you will not file the 'habitual on him?" The assistant district attorney turned around and told Cruz, "If you plead guilty I will not file the habitual on you." Cruz testified he understood from this question and answer that if he pleaded not

Harold H. Parker, Albuquerque, for defendant-appellant.

guilty and went to trial and was convicted, that the assistant district attorney would file the habitual criminal charge against him. This he considered to be a threat and, based upon this claimed threat, he pleaded guilty. His attorney testified that Cruz freely and voluntarily pleaded guilty.

When Cruz pleaded guilty, the trial court told Cruz, "I want to be sure you understand what we are doing. * * * But I detect a note of hesitance on the second count. I want you to understand that I am not going to sit here and have any semblance of any kind of railroading." When Cruz's attorney asked for a moment to speak with Cruz, the court said, "Yes, bearing in mind I don't want any pressure placed upon you by anybody to do this." After discussion with his attorney, ·Cruz pleaded guilty to the second count.

■ There is substantial evidence that Cruz was not threatened and that his plea of guilty was not induced by a promise from the assistant district attorney. Rather, substantial evidence supports the view that Cruz induced the assistant district attorney to refrain from filing a habitual criminal charge. Furthermore, such a promise, even if it induced Cruz to plead guilty did not make it involuntary, State v. Lattin, 78 N.M. 49, 52, 428 P.2d 23 (1967), where the plea is made voluntarily after proper advice of counsel and with a full understanding of the consequences. State v. Robbins, 77 N.M. 644, 648, 427 P.2d 10 (1967), cert. denied 389 U.S. 865, 88 S.Ct. 130, 19 L.Ed.2d 137 (1967). See also State v. French, 82 N.M. 209, 478 P.2d 537 (1970); North Carolina v. Alford, 400 U. S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). It appears that Cruz was guided by his attorney's advice and regrets his own decision. This does not render the plea involuntary. State v. Tipton, 78 N.M. 600, 435 P.2d 430 (1967).

Under the facts and circumstances of this record, we cannot say Cruz's plea of guilty was involuntary as a matter of law because there is substantial evidence that Cruz was not induced to plead guilty by the state.

■ Cruz next contends that the record at the time of the plea does not affirmatively reflect that he was fully advised by the trial court of the rights he was foregoing by pleading guilty, nor the penalties he might incur, nor whether there were sufficient facts to determine that he actually committed the crime.

The only cases cited by Cruz and discussed by the state are State v. Elledge, 81 N.M. 18, 462 P.2d 152 (Ct.App.1969), which discusses Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In *Boykin,* Boykin was given a death sentence for common law robbery. The record did not disclose that the petitioner voluntarily and understandingly entered his plea of guilty, and the case was reversed. *Boykin,* however, was a direct appeal. *Elledge* was a post conviction proceeding where there had been no direct appeal. *Elledge* distinguished *Boykin* because:

"It does not hold that where there has been no direct review, as in this case, voluntariness may not be determined as a question of fact in a post conviction proceeding."

Further, *Elledge* proceeded on the basis that *Boykin* did not change the New Mexico rule that the trial judge has a duty to ascertain that a defendant knows the consequences of his plea and to advise him of those consequences if he is not otherwise advised. In *Elledge,* the defendant may have been otherwise advised. These cases do not support Cruz's contention.

Cruz claims, (1) he was not advised by the trial court of his rights to a jury trial, even though a jury was present and ready for trial the day he pleaded guilty; (2) he was not advised of his right not to incriminate himself, even though he discussed this thoroughly with his attorney; (3) he was not advised of his right to face his accusers, even though his attorney discussed some of the evidence against him (his fingerprint at the scene of the crime); (4) he

was not advised of the penalties he would face although the question of a life sentence under the Habitual Criminal Act was specifically discussed. Each of these claims go only to the lack of specific advice by the trial judge—specifically, a recitation by the trial judge—rather than defendant's understanding of his rights.

The trial court stated at the end of the hearing, "It is obvious from the testimony that the defendant well understood the nature of the charges." The record in this case shows that Cruz was adequately advised by his attorney and that his plea was voluntary.

█ Cruz further contends that he did not know what penalties he faced under the Habitual Criminal Act. He believed he faced life and, if he did not plead guilty, the district attorney would prosecute under the Habitual Criminal Act. The record shows that his attorney told him he was facing the Act "which is life." Cruz's attorney was a capable attorney. Habitual criminality is a status, not an offense. Lott v. Cox, 75 N.M. 102, 401 P.2d 93 (1965). The district attorney had a duty to prosecute Cruz as an habitual offender if his conviction brought him within the Act. See State v. Sedillo, 82 N.M. 287, 480 P.2d 401 (Ct.App.1971).

Cruz now claims he is entitled to post conviction relief because the assistant district attorney had no authority to promise not to invoke the Habitual Criminal Act, even though defendant sought and obtained that promise and nothing in the record shows the promise has not been kept. Specifically, he complains of being spared the increase penalty of the Habitual Criminal Act.

The trial court did not err in denying post conviction relief since the evidence at the evidentiary hearing supports the trial court's determination that there was no denial of Cruz's constitutional rights.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.