500 P.2d 999

Tony MONDRAGON, a/k/a Antonio Mondragon, Petitioner-Appellant,

v.

STATE of New Mexico, Respondent-Appellee.

No. 890.

Court of Appeals of New Mexico.

Aug. 18, 1972.

David W. Bonem, Clovis, for petitioner-appellant.

David L. Norvell, Atty. Gen., Richard A. Griscom, Asst. Atty. Gen., Santa Fe., for respondent-appellee.

## OPINION

COWAN, Judge.

Petitioner pled guilty to a charge of armed robbery and was sentenced to a term of 10 to 50 years in prison. No appeal was taken. Instead, the petitioner moved for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Repl.Vol. 4). A hearing was held, after which the trial court concluded adversely to the petitioner on both his arguments: that he did not knowingly and intelligently comprehend the arraignment proceedings at which he pled guilty; and that his guilty plea was not voluntari-ly made but was induced by threats or promises.

We affirm.

Petitioner claims that he has difficulty understanding English; that he had no understanding of the arraignment proceedings at which he entered a plea of guilty; and that he did not understand the advice or rights given him in English.

The district attorney testified that the petitioner never demonstrated an inability to understand English, and never requested an interpreter. There was evidence that, during a proceeding on a previous charge, the petitioner communicated with the court in English. The sheriff who transported the petitioner to the state penitentiary testified that the petitioner freely conversed with him in English. Petitioner's parole officer testified that he was able to communicate in English with the petitioner without an interpreter. The foregoing is substantial evidence which supports the trial court's "finding" of the issues against petitioner. State v. Travis, 79 N.M. 307, 442 P.2d 797 (Ct.App.1968); Flores v. State, 79 N.M. 47, 439 P.2d 565 (Ct.App.1968). It is also noted that petitioner was represented by counsel during the arraignment proceedings. Since he could have asked his attorney, if he did not understand the proceedings, there is no basis for his post-conviction relief. Roessler v. State, 79 N.M. 787, 450 P.2d 196 (Ct.App.1969), cert. denied 395 U.S. 967, 89 S.Ct. 2115, 23 L.Ed.2d 754; State v. Murray, 81 N.M. 445, 468 P.2d 416 (Ct. App.1970).

Petitioner next contends that his plea of guilty was not voluntary because it was induced by threats or promises. He asserts that he was advised by both his attorney and the police that if he did not cooperate and enter his plea of guilty, he would be subject to greater penalty. He was advised that a proceeding under the Habitual Criminal Act would be filed if he failed to admit the charge. Admittedly, the guilty plea was entered into by appellant on the advice of counsel for the

purpose of avoiding possible charges under the Habitual Criminal Act, possible prosecution for two charges of unauthorized entry, as well as the obtaining of the district attorney's recommendation that the sentence be served concurrently with another already received.

The fact that alternatives were considered in reaching a decision does not necessarily render the decision involuntary. There is substantial evidence that the plea was made voluntarily after proper advice of counsel and with full understanding of the consequences. Merely because the petitioner was guided by his attorney's advice and now regrets this decision does not render the plea involuntary. State v. Cruz, 82 N.M. 522, 484 P.2d 364 (Ct.App. 1971).

The order denying post-conviction relief is affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.