509 P.2d 252

STATE of New Mexico, Plaintiff-Appellee,

v.

Jack W. MONTLER, Defendant-Appellant.

No. 9617.

Supreme Court of New Mexico.

April 20, 1973.

Peter B. Shoenfeld, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

McMANUS, Chief Justice.

This is an appeal from an order denying defendant's motion for post-conviction relief filed pursuant to Rule 93 (§ 21-1-1(93), N.M.S.A.1953). Movant sought relief in the District Court of McKinley County from a sentence of "not less than one year" imposed upon him in 1962 as a result of his plea of guilty to the charge of sodomy. He complains that at that time his waiver of his right to counsel and his plea of guilty were negated by the fact that he was not informed of the maximum possible sentence for sodomy. This Court has construed the phrase "not less than one year" to mean a maximum sentence of life imprisonment. State v. Frederick, 74 N.M. 42, 390 P.2d 281 (1964).

Ordinarily an accused should be advised of the maximum possible sentence and the minimum mandatory sentence which can be imposed. State v. Gilbert, 78 N.M. 437, 432 P.2d 402 (1967); State v. Knerr, 79 N.M. 133, 440 P.2d 808 (Ct. App.1968). But see Application of Stone, 171 N.W.2d 119 (N.D.1969).

However, with regard to waiver of counsel, no hard and fast rule can be laid down as to what must be stated in each

case in order to adequately explain an accused's rights before permitting him to waive counsel. Each case must be decided on its own peculiar facts which shall include consideration of the background, education, training, experience and conduct of the accused and should proceed as long and as thoroughly as the circumstances demand. State v. Lopez, 79 N.M. 235, 441 P.2d 764 (1968). Later we shall see that, according to these criteria, movant's waiver of his right to counsel was appropriately obtained.

■ Concerning what must be stated to an accused by the trial court in connection with a proffered plea of guilty, it is also difficult to establish a strict, unvarying formula of words. The United States Supreme Court has said:

"* * * if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

In this case, the record is not contaminated by evidence of threats, inducement, coercion or trickery. The record also supports the state's contention that movant made his plea with knowledge of the consequences of such a plea. Knowledge of the consequences, a requirement recognized in Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968), means, we believe, that in some manner the accused should be informed of the nature of the charges, acts sufficient to constitute the offense, the right to plead "not guilty," the right to a jury trial, the right to counsel, and the permissible range of sentences. See Annot., 97 A.L.R.2d 549 (1964). To determine whether this information was communicated to movant, we examine the record. Here is what transpired between the sentencing judge and movant:

"[THE COURT:] It appears in this file that there is a form, which I show you now, entitled 'Waiver of Counsel.'

"MR. MONTLER: Yes, I signed that.

"THE COURT: You say that you signed that?

"MR. MONTLER: Yes, sir.

"THE COURT: Do you understand, Montler, that under the laws of this state you have a right to have an attorney, a lawyer, represent you at each stage of any criminal proceeding against you?

"MR. MONTLER: Yes.

"THE COURT: You understand that?

"MR. MONTLER: Yes.

"THE COURT: And that if you are unable to afford counsel of your own, that the Court will appoint counsel to represent you?

"MR. MONTLER: Yes.

"THE COURT: You are also entitled to a trial of each of these charges with which you are faced here, a trial by a jury, since they are all felony charges. Do you realize that?

"MR. MONTLER: Yes, sir.

"THE COURT: All right. Under the laws of the state, there's several different penalties involved in this series of charges against you.

"The first count, a violation of 40–7–6, the count of sodomy carries the penalty of imprisonment of *not less than one year*, and a fine of—in the sum of not less than one thousand dollars, or both, in the discretion of the Court.

"For your information, the imprisonment for not less than one year *doesn't carry parole and does not depend on how many additional years you might be retained there.*

"MR. MONTLER: Yes, sir.

"THE COURT: Section 40–7–8, the penalty for the *attempt to commit sodomy,* which would necessarily be the offense included in the first, is imprisonment for *not more than ten years* or a fine in the sum not exceeding one thousand dollars.

"MR. MONTLER: Yes.

"* * * *

"THE COURT: All right, we believe we have had the indication that you know of your right to counsel, your right to trial by jury and what the charges are against you and what the possible penalties are—

"MR. MONTLER: Yes, sir.

"THE COURT: Is that correct?

"MR. MONTLER: Yes, sir.

"THE COURT: At this point, I am going to then ask you to enter a plea of guilty—or is it still your wish to proceed here without counsel?

"MR. MONTLER: Oh, yes sir, I want to plead guilty." [Emphasis supplied]

Shortly thereafter the court insisted that movant again read the pre-sentence report which had been prepared. It disclosed the acts constituting the offense, that the accused was forty years of age, that the accused had had numerous experiences with charges of sex perversion, that he had been confined in several states, and was at the time of the offense in question employed as a bookkeeper for a construction company.

■ In view of movant's age, repeated experiences in court, and apparent intelligence, we believe the court's admonition was sufficient to provide the accused with an understanding of the consequences of his guilty plea with regard to possible punishment. Because of the court's statement concerning "additional years you might be retained there," movant was informed that the imprisonment for "not less than one year" was not limited to one year. After the court's recitation that the penalty for the lesser charge of attempted sodomy was "not more than ten years," movant was put on notice that for the greater charge of sodomy he could be imprisoned for a long, long time. Yet at no time did movant express a desire to do anything but plead guilty.

Under the circumstances of this case, the information given to movant was well within the spirit of the United States Supreme Court ruling that a plea of guilty must be understandingly made. Although it is highly desirable, and conceivably of absolute necessity in some fact situations, that an accused be informed of precisely what maximum sentence he faces, in this case the lack of such precision does not affect the legitimacy of movant's waiver of his right to counsel and plea of guilty.

Affirmed.

It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.