514 P.2d 302

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**George Melvin FRAZIER, Defendant-Appellant.**

**No. 1164.**

Court of Appeals of New Mexico.

Aug. 29, 1973.

John S. Spence, Paul B. Rasor, Alamo-gordo, for defendant-appellant.

David L. Norvell, Atty. Gen., F. Scott MacGillivray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

The defendant was convicted on three counts of unlawful sale of a narcotic drug, contrary to § 54–7–14, N.M.S.A.1953 (Vol. 8, pt. 2), and one count of unlawful sale of a stimulant, depressant or hallucinogenic drug, contrary to § 54–6–38, N.M.S.A.1953 (Vol. 8, pt. 2, Supp.1971).

Defendant appeals alleging two points for reversal: (1) the court erred in denying his motion for advancement of expenses for investigation; and, (2) the court erred in giving its Instruction No. 13.

We affirm.

(1) *The court did not err in denying defendant's motion for advancement of expenses.*

■ Counsel was appointed for defendant pursuant to the Indigent Defense Act, §§ 41–22–1 through 41–22–10, N.M.S.A. 1953 (2d Repl. Vol. 6). Defendant based his motion upon § 41–22–3, supra, of that act, which states:

"A needy person who is being detained by a law enforcement officer, or who is under formal charge of having committed, or is being detained under a conviction of, a serious crime, is entitled to be represented by an ·attorney to the same extent as a person having his own counsel and to be provided with the *necessary* services and facilities of representation, *including investigation* and other preparation. The attorney, services and facilities and expenses and court costs shall be provided at public expense for needy persons." [Emphasis added]

■ Defendant's motion was properly denied. The Indigent Defense Act does not contemplate the payment of advances. Section 41–22–8(B), supra, states:

"The court assigning counsel under the Indigent Defense Act . . . shall *reimburse* counsel for direct expenses the court determines to have been properly incurred by him. . . ." [Emphasis added]

Defendant argues that an attorney would be hesitant to incur these expenses, not knowing whether they are "properly incurred." However, the Twelfth Judicial District, where this case was tried, allows prior authorization of such expenses.

■ Even if defendant's motion could be construed as a request for prior authorization and not a motion for advancement, we would still be compelled to affirm. The act contemplates reimbursement only for "necessary" expenses. To the trial court, defendant argued for an advancement of fees to hire an investigator solely on the basis that without the advancement he was "hindered" in the preparation of the defense. This is not a showing of the

necessity for an investigator. See State v. Dillon, 93 Idaho 698, 471 P.2d 553 (1970), cert. denied, 401 U.S. 942, 91 S.Ct. 947, 28 L.Ed.2d 223 (1971); Washington County v. Day, 22 Utah 2d 6, 447 P.2d 189 (1968); also see State v. Tackett, 78 N.M. 450, 432 P.2d 415 (1967), cert. denied, 390 U.S. 1026, 88 S.Ct. 1414, 20 L.Ed.2d 283 (1968); State v. Toussaint, 84 N.M. 677, 506 P.2d 1224 (Ct.App.1973). Defendant contends that the statutory requirement has been met because there is a need for investigation in every case. However, his motion specifically requested funds for a professional investigator. Such an expenditure is clearly not required in every case and need not be provided unless the necessity is shown. Since there has been no showing of need, we cannot say the trial court abused its discretion in regard to the expenses. Therefore, we hold that the motion was properly denied.

(2) *Defendant cannot raise the propriety of the instruction for the first time on appeal.*

The court's Instruction No. 13 pointed out that the defendant was a competent witness in his own behalf but that his interest in the trial could be taken into account. There was no objection to this instruction before the trial court. Defendant argues that the instruction was an adverse comment by the court, singling out the defendant and denying him due process of law. The alleged error is neither jurisdictional nor fundamental. See State v. Lopez, 84 N.M. 402, 503 P.2d 1180 (Ct. App.1972); State v. Reynolds, 79 N.M. 195, 441 P.2d 235 (Ct.App.1968); also see Louie v. United States, 426 F.2d 1398 (9th Cir. 1970), cert. denied, 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158 (1970). Therefore, it cannot be raised for the first time on appeal. See § 21–2–1(20), N.M.S.A. 1953 (Repl. Vol. 4).

Affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.