557 P.2d 578

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Johnny R. MARTINEZ, Defendant-Appellant.**

**No. 2606.**

Court of Appeals of New Mexico.

Oct. 19, 1976.

Certiorari Denied Nov. 24, 1976.

Jan A. Hartke, Acting Chief Public Defender, Reginald Storment, Appellate Defender, Don Klein, Acting Appellate Defender, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Louis E. Valencia, Anthony Tupler, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of burglary in 1973 upon his plea of guilty. He was convicted by a jury of two counts of robbery in 1975 and sentence was imposed for each robbery. Subsequently a supplemental information was filed which charged the status of habitual offender. He was found to be an habitual offender; an enhanced sentence was imposed on the basis that defendant had been convicted of three felonies. The appeal involves: (1) the habitual offender statute and proceedings thereunder deprived defendant of equal protection; (2) trial in prison clothing; (3) prosecutor as a witness; (4) validity of the burglary conviction; and (5) sentence as an habitual offender.

*Unequal Protection*

Defendant moved that the habitual offender charge be dismissed on the basis that nonuniform enforcement of the habitual offender statute denied him equal protection of the law. He also moved that the court appoint a statistician to gather information concerning nonuniform enforcement. In seeking the appointment of a statistician, defendant relied on equal protection and on § 41–22–2(B), N.M.S.A. 1953 (2d Repl. Vol. 6). The trial court denied both motions.

On appeal, defendant does not rely on a statutory right for expenses of investigation under the Indigent Defense Act. See *State v. Carrillo,* 88 N.M. 236, 539 P.2d 626 (Ct.App.1975); *State v. Frazier,* 85 N.M. 545, 514 P.2d 302 (Ct.App.1973).

The appellate claim is that defendant was denied equal protection when the trial court denied his motion to appoint a statistician to develop information concerning nonuniform enforcement of the habitual offender statute and was denied equal protection when the trial court refused to dismiss on the theory that the habitual offender statute was not uniformly enforced. Nonuniform enforcement of the habitual offender statute is not a denial of equal protection. *State v. Sedillo,* 82 N.M. 287, 480 P.2d 401 (Ct.App.1971) and cases therein cited. Accordingly, the refusal of the trial court to appoint a statistician to establish nonuniform enforcement is also no denial of equal protection.

Defendant recognizes that New Mexico decisions are adverse to his contention. He claims these decisions should be reconsidered in light of *Giaccio v. Pennsylvania,* 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447, (1966) and *United States ex rel. Matthews v. Johnson,* 503 F.2d 339 (3rd Cir. 1974). *Giaccio,* supra, dealt with the vagueness of a Pennsylvania statute permitting jurors to assess costs against a defendant who had been acquitted. *Johnson,* supra, involved a Pennsylvania practice leaving it to the unfettered discretion of the trial judge as to whether voluntary manslaughter would be submitted to the jury as a lesser offense included in a murder charge. Both cases dealt with the absence of standards. There is no absence of a standard as to whether our habitual offender statute should or should not be applied. The terms of our statute are mandatory. *State*

*v. McCraw*, 59 N.M. 348, 284 P.2d 670 (1955); *State v. Sedillo*, supra.

## Trial in Prison Clothing

■ The parties are in agreement that at the trial of the habitual offender charge, defendant wore a shirt issued to him at the penitentiary. They also agree that Exhibit A is a picture of the shirt.

Defendant asserts his right to a fair trial was violated in that he was compelled to stand trial in prison clothing. He relies on *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126, (1976), which states:

> "[A]lthough the State cannot, consistent with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation."

The State asserts this holding would not be applicable to an habitual proceeding because in such a proceeding the jury necessarily knows that prior convictions have occurred and the issue is whether it was the defendant who had been convicted. See *Carroll v. State*, 532 S.W.2d 934 (Tenn.Cr.App.1975). *Estelle*, supra, acknowledges decisions to this effect but, as we read that opinion, did not rule on the validity of such an approach. It is unnecessary to decide the question in this case.

The *Estelle* decision involved "identifiable prison clothes". Footnote 1 of Justice Brennan's dissent in *Estelle* identifies the clothing as a white T-shirt with " 'Harris County Jail' " stenciled across the back, white dungarees with " 'Harris County Jail' " stenciled on the legs, and shower thongs. Defendant asserts that the prison-issued shirt in this case was "lettered with prison-type lettering". The picture on which defendant relies, Exhibit A, shows some lettering above the right pocket on the front of the shirt, but we do not know whether this lettering is "prison-type

lettering". Apart from the lettering, the picture shows nothing indicating a prison uniform. We cannot say from this record that defendant was dressed in "identifiable" prison clothes.

■ Apart from the question of what the clothing showed, there is the problem of when defendant informed the trial court of his objection to wearing prison-issued clothing. The case was scheduled for trial on June 1st but the trial was not held until June 3rd. Defendant states he appeared before prospective jurors for thirty to forty-five minutes on June 1st. On June 3rd, defendant moved for a new jury panel on the basis that he had appeared before prospective jurors on June 1st and "was at that time in full view of the jury in a prison shirt". We assume the motion was made prior to selection of the trial jury. Denial of the motion was not error. Defendant did not raise the issue of his clothing until after he had twice appeared before the prospective jurors. Whether the delay in raising the matter is characterized as a negation of compulsion, *Estelle*, supra, or waiver, *Krist v. State*, 133 Ga.App. 197, 210 S.E.2d 381 (1974), the issue was not timely raised.

His trial in a prison-issued shirt did not deny him a fair trial.

## A Prosecutor As A Witness

■ An assistant district attorney, the immediate supervisor of the State's trial counsel, testified for the State. The witness testified that defendant was the same person that he had prosecuted on the robbery charges. Defendant claims it was improper for a member of the same law firm to testify concerning a contested issue in the case.

Defendant's reliance on two New Mexico decisions is misplaced. *State v. McCuistion*, 88 N.M. 94, 537 P.2d 702 (Ct. App.1975) involved the situation where the attorney prosecuted the case, testified as a witness and then argued his own credibility to the jury. In *State v. Chambers*, 86 N.M. 383, 524 P.2d 999 (Ct.App.1974),

732

the attorney had represented defendant in a trial that ended in a mistrial. Subsequently, the attorney was appointed assistant district attorney. *Chambers, supra*, held that the district attorney's office was precluded from conducting the prosecution. Neither case is applicable to the facts of this case.

■ Defendant asserts the testimony violated Rule 5–101(B) of the Code of Professional Responsibility adopted by the Supreme Court. The Code sets forth rules of conduct for members of the Bar. The rule on which defendant relies pertains to a lawyer accepting employment in litigation "if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness". The rule on which defendant relies is entitled: "Refusing employment when the interests of the lawyer may impair his independent professional judgment." The rule is not applicable; it pertains to participation as counsel rather than as a witness.

There is no claim that the witness participated in the habitual offender proceeding as an attorney. It was not error to permit the witness to testify. *United States v. Cerone*, 452 F.2d 274 (7th Cir. 1971); *People v. Mann*, 27 Ill.2d 135, 188 N.E.2d 665 (1963); *McKenzie v. State*, 507 P.2d 1333 (Okl.Cr.1973).

*Validity of the Burglary Conviction*

■ Defendant contends the 1973 burglary conviction cannot be relied on as a prior conviction because it was invalid. *State v. Moser*, 78 N.M. 212, 430 P.2d 106 (1967). The conviction was on a plea of guilty. Defendant asserts his plea was invalid under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *Boykin* held that it was plain error for the trial court to accept a guilty plea without an affirmative showing that it was intelligent and voluntary. *Boykin* identifies certain constitutional rights that are waived by a guilty plea—the privilege against compulsory self-incrimination, the right to a jury trial and the right to confront one's

accusers. *Boykin* states: "We cannot presume a waiver of these three important federal rights from a silent record."

Defendant's claim that his plea of guilty to burglary was invalid is based on the *Boykin* reference to the waiver of the three constitutional rights listed in the preceding paragraph. He asserts that the transcript of the guilty plea proceedings does not show that the trial court informed defendant of the privilege against self-incrimination or the right to confront witnesses. Because the trial court did not make specific reference to these two constitutional rights, defendant contends he did not waive them and his guilty plea is invalid. We disagree.

*Boykin* does not provide a checklist of inquiries which must be specifically covered before the trial court can accept a valid guilty plea. As stated in footnote 4 to *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970): "The new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." The reference to three enumerated constitutional rights demonstrates the gravity of the trial court's responsibility in accepting a guilty plea. *Boykin* did not impose a procedural requirement that the three constitutional rights be enumerated before a guilty plea would be valid. *Stinson v. Turner*, 473 F.2d 913 (10th Cir. 1973); *Barrett v. State*, 544 P.2d 830 (Alaska, 1975).

■ New Mexico has consistently followed the approach that the validity of a guilty plea is determined by whether the plea was intelligent and voluntary; New Mexico has not approached the question on the basis of a checklist of specific questions, but has considered the question by examination of the record as a whole. *State v. Montler*, 85 N.M. 60, 509 P.2d 252 (1973); *State v. French*, 82 N.M. 209, 478 P.2d 537 (1970); *State v. Vigil*, 85 N.M. 328, 512 P.2d 88 (Ct.App.1973); *State v. Cruz*, 82 N.M. 522, 484 P.2d 364 (Ct.App.

1971); *State v. Elledge,* 81 N.M. 18, 462 P.2d 152 (Ct.App.1969). Defendant relies on *State v. Guy,* 81 N.M. 641, 471 P.2d 675 (Ct.App.1970). We do not read *Guy* to state any requirement contrary to the New Mexico decisions cited in this paragraph.

Defendant does not claim that his plea was unintelligent or involuntary; his claim was limited to the contention that his plea was invalid because of the absence of specific reference to the privilege against self-incrimination and the right to confront witnesses. We add that the record affirmatively shows an intelligent and voluntary plea. Defendant pled guilty to burglary in exchange for dismissal of charges of aggravated burglary and burglary while armed with a deadly weapon. The plea was a result of a plea bargain. Defendant was informed that he could be sentenced to the penitentiary if the plea was accepted. He was told that he had a right to a jury trial with the State being required to prove what defendant actually did. Defendant denied that anyone had promised what the trial court would do if the plea were accepted. Defendant originally denied that his entry into the dwelling house was with the requisite intent for the crime of burglary, but after consultation with his counsel, admitted the requisite intent. This showing sustains the validity of the guilty plea.

*Sentence as Habitual Offender*

■ This issue involves the application of the sentencing provisions of § 40A–29–5, N.M.S.A.1953 (2d Repl. Vol. 6) to defendant's convictions. Paragraph A states the enhanced sentence for a second felony conviction; Paragraph B states the enhanced sentence for a third felony conviction. Defendant was sentenced on the basis of a third conviction; he asserts this was error. We agree.

Defendant's first conviction was the burglary conviction in 1973. His second and third convictions were for robberies committed on the same day, approximately five minutes apart, with different victims. We are not concerned in this case with whether the two robberies were a unified course of events or unrelated crimes. *State v. Ellis,* 88 N.M. 90, 537 P.2d 698 (Ct.App. 1975); *State v. Sanchez,* 87 N.M. 256, 531 P.2d 1229 (Ct.App.1975).

Our concern is with the rule announced in *French v. Cox,* 74 N.M. 593, 396 P.2d 423 (1964). *French* held that under our prior habitual offender statute "each of the prior convictions [must] precede the commission of the principal offense". We applied this rule in *State v. Ellis,* supra, when considering § 40A–29–5, supra.

Defendant's enhanced sentence for a third felony requires that the first robbery be counted as a second felony conviction. Conviction for this robbery did not precede the commission of the second robbery (the third felony). Defendant's enhanced sentence under the habitual offender statute should have been on the basis of a second felony, § 40A–29–5(A), supra.

■ The foregoing does not dispose of the sentencing problem. The record shows that prior to the habitual offender proceedings, defendant was given consecutive sentences for the two robberies. Neither of these sentences was vacated before the habitual sentence was imposed. The sentence for the second robbery should be vacated before the enhanced sentence under § 40A–29–5(A) is imposed. *Lott v. Cox,* 75 N.M. 102, 401 P.2d 93 (1965); *State v. Bonner,* 81 N.M. 471, 468 P.2d 636 (Ct.App.1970).

The result under the foregoing will be that defendant's sentence for the first robbery remains in effect. His sentence for the second robbery will be vacated and an enhanced sentence under the habitual offender statute imposed under § 40A–29–5(A), supra, for the second robbery.

The judgment that defendant is an habitual offender is affirmed. The sentence as an habitual offender is reversed. The cause is remanded for entry of a new sentence in accordance with the views expressed herein.

IT IS SO ORDERED.

HENDLEY and SUTIN, JJ., concur.