719 P.2d 815

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert Earl DAVIS, Defendant-Appellant.**

No. 7995.

Court of Appeals of New Mexico.

June 20, 1985.

Thomas J. Horne, Thomas J. Horne, P.C., Albuquerque, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Charles D. Noland, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant appeals a judgment adjudging him to be a habitual offender and imposing an enhanced sentence pursuant to NMSA 1978, Section 31–18–17 (Cum.Supp.1984). The issues raised involve the validity of a prior conviction and whether a deferred sentence may be enhanced under the habitual offender statute. We hold that the prior challenged conviction is valid. However, we also hold that a deferred sentence cannot be enhanced. Accordingly, the cause is remanded for correction of the sentence.

There are three relevant felony convictions: 1) Defendant was convicted of unlawful taking of a motor vehicle in Bernalillo County on October 19, 1976; 2) Defendant was convicted of larceny and armed robbery in San Juan County on June 12, 1981; and 3) Defendant was convicted of possession of a deadly weapon by a prisoner on July 5, 1983.

Defendant contends that the 1981 conviction cannot be used for enhancement purposes because it resulted from a plea that was induced by unkept promises of the state. Specifically, defendant contends that a provision of the 1981 plea agreement which provided that defendant would not be incarcerated in New Mexico was violated when defendant was transferred from the state penitentiary in Utah to the Torrance County Jail in New Mexico. Defendant was transferred because of charges which were subsequently filed in Bernalillo County.

### Prior Conviction

In its judgment, the trial court found that defendant was "the same person validly and lawfully convicted" of the 1981 felony. The issue involved here is whether there was evidence to support the trial court's finding on the basis of defendant's waiver to a violation of the plea agreement.

We will uphold the trial court's judgment if it can be supported on any valid legal ground. *State v. Doe,* 97 N.M. 189, 637 P.2d 1244 (Ct.App.1981).

The facts regarding this issue are in dispute. Defendant contends that he was threatened or coerced into returning to New Mexico. The facts most favorable to support the trial court's finding are in the testimony of Officer Anderson. In summary, Anderson expressly denied that defendant was ever threatened with a murder indictment or with incarceration at the Bernalillo County Detention Center or the state penitentiary. Anderson testified that no deal was offered or made except that the officers told defendant that anything he told them would not be used against him in court. Defendant wanted to cooperate and wanted to arrange a deal which would minimize the jail time he would have to serve. After the officers discussed this conversation with the district attorney, a transportation order was obtained. Anderson testified that when he and Officer Montoya returned to Utah, defendant stated he had talked with his attorney and his attorney had indicated no objection to his return to New Mexico.

When defendant returned to New Mexico, negotiations began. Defendant consulted with his attorney and entered into an agreement. Defendant agreed to testify for the state and plead guilty to enhance his credibility. In return, he would be allowed to serve a nine-year sentence concurrently with the sentence being served pursuant to the 1981 conviction.

Defendant relies on *State v. Garcia,* 95 N.M. 246, 620 P.2d 1271 (1980). The defendant in *Garcia* introduced evidence that a prior conviction had been induced by unkept promises of the state. The state failed to produce *any* evidence to rebut the defendant's contention. The Supreme Court held that once the defendant had introduced evidence on the invalidity of the conviction, the state had the burden of persuasion on the validity of that conviction. The court concluded that the prior conviction could not be used for enhancement

purposes because the state—not having introduced any evidence as to the voluntariness of the plea—did not meet the burden of persuasion. *State v. Garcia* is inapplicable. Here, the state introduced evidence to rebut defendant's contentions.

■ In this case, the evidence supported a finding of waiver. If Officer Anderson's testimony is believed, defendant agreed to return to New Mexico in order to arrange for a favorable disposition of the Bernalillo County charges. The circumstances surrounding defendant's return to New Mexico support Anderson's testimony. Defendant's return to New Mexico allowed him, with the advice of counsel, to obtain a very favorable disposition of the Bernalillo County charges. Defendant never attempted to prevent his removal from Utah, and never sought to return to Utah. He was kept in a safe facility. Approximately two months after returning, defendant requested to stay permanently in New Mexico. Even defendant admits that during the first meeting with Anderson he expressed an interest in returning to New Mexico if his safety could be assured and if he could minimize the time he would have to serve on the Bernalillo County charges.

Even assuming there were unkept promises, they could be waived. *See State v. Lord,* 91 N.M. 353, 573 P.2d 1208 (Ct.App. 1977) (nondisclosure of promises to court waived subsequent claims of unkept promises).

### Enhancement of Deferred Sentence

Trial counsel argued at the habitual proceeding that, since the sentence for the 1983 conviction had been deferred, there was no "basic sentence" to enhance pursuant to Section 31–18–17. The state argued that it would defeat the purpose of Section 31–18–17 to not allow a deferred sentence to be enhanced and that the defendant had received, in effect, probation which was a sentence. The trial court held that a three-year deferred sentence was a "sentence" which could be enhanced.

The authority to defer a sentence is found in NMSA 1978, Section 31–20–3

(Repl.Pamp.1981). The decision to defer a sentence is within the discretion of the trial court. *State v. Madrigal,* 85 N.M. 496, 513 P.2d 1278 (Ct.App.1973). When a sentence is deferred, the defendant must be placed on probation. NMSA 1978, § 31–20–5 (Cum.Supp.1984). If the defendant completes the period of deferment without violating any of the imposed conditions, he is relieved of all obligations and the court is required to enter a dismissal of the charges. NMSA 1978, §`31–20–9 (Repl. Pamp.1981).

During a period of deferment, no sentence exists. *State v. Kenneman,* 98 N.M. 794, 653 P.2d 170 (Ct.App.1982). In *Kenneman* this Court stated:

> [T]he difference between suspension and deferral is that suspension involves a sentence imposed while deferral does not. Suspension always subjects the defendant to criminal consequences, although he may be pardoned, while deferral ordinarily results in the charges being dismissed. With suspension, the sentence having been imposed, the court cannot later alter the sentence upwards. With deferral, *no sentence having been imposed,* the court may give any sentence it could originally have given.

(Citation omitted; emphasis added.) *See also State v. Lopez,* 99 N.M. 791, 664 P.2d 989 (Ct.App.1982).

The alteration of a basic sentence for habitual offenders is governed by Section 31–18–17. Defendant's sentence was enhanced under subsection C, which provides:

> Any person convicted of a noncapital felony in this state * * * who has incurred two prior felony convictions which were parts of separate transactions or occurrences is a habitual offender and *his basic sentence shall be increased by four years,* and the sentence imposed by this subsection shall not be suspended or deferred.

(Emphasis added.)

The state relies on *Padilla v. State,* 90 N.M. 664, 568 P.2d 190 (1977), arguing that this case involves only a minor factual difference. While it is true that this case is factually similar, the issue is completely different. At issue is not whether there are valid prior convictions, but whether a deferred sentence is a "basic sentence" which may be enhanced.

■ The trial court could not enhance defendant's sentence for the simple reason that there was no sentence to enhance. The sentence for the 1983 conviction was deferred for a period of three years following the judgment. If the defendant does not violate the conditions of probation, the charges will be dismissed. § 31–20–9. *Compare State v. Santillanes,* 98 N.M. 448, 649 P.2d 516 (Ct.App.1982) (habitual proceedings could be initiated after probationary period where defendant had received a *suspended* sentence).

Accordingly, the cause is remanded with directions to amend the judgment and vacate the enhancement of the deferred sentence.

IT IS SO ORDERED.

NEAL, J., concurs.

WOOD, J., concurs in part, dissents in part.

WOOD, Judge (concurring in part; dissenting in part).

I agree that defendant's conviction in 1981 was valid and could be used as a prior conviction under NMSA 1978, Section 31–18–17 (Repl.Pamp.1981). Thus, I concur in this portion of the majority opinion.

The majority hold that defendant's sentence for his 1983 felony conviction cannot be "enhanced" because the trial court deferred sentence for this conviction. I disagree.

Prior habitual provisions were repealed and new provisions enacted in 1977. *See* 1977 N.M. Laws, ch. 216, §§ 6–9, 17. Pertinent changes in the 1977 provisions occurred in 1979. These changes increased the penalty to be imposed where the offender had two or more prior felony convictions and provided that the penalty to be imposed because of prior felony convictions could not be suspended or deferred. *See*

1979 N.M. Laws, ch. 158. These provisions are compiled as NMSA 1978, Sections 31–18–17 to –20 (Repl.Pamp.1981). Amendments to Sections 31–18–17 and 31–18–20 in 1983 are not pertinent to the issue in this appeal.

Davis has two prior felony convictions. He is an habitual offender. Section 31–18–17(C) provides that his basic sentence shall be increased by four years, and the sentence imposed by this subsection shall not be suspended or deferred. The majority hold that because Davis' basic sentence was deferred there was no basic sentence to enhance.

It is appropriate to look to the history and background of legislation in determining the legislative intent. *Methola v. County of Eddy*, 95 N.M. 329, 622 P.2d 234 (1980). *State v. Nance*, 77 N.M. 39, 45–46, 419 P.2d 242 (1966) states:

> We are committed to an acceptance of the intent of the language employed by the legislature rather than the precise definition of the words themselves * * *. And, in construing a statute, the legislative intent must be given effect by adopting a construction which will not render the statute's application absurd or unreasonable * * *. Not only must the legislative intent be given effect, but the court will not be bound by a literal interpretation of the words if such strict interpretation would defeat the intended object of the legislature.

(Citations omitted.) *See also State v. Santillanes*, 99 N.M. 89, 654 P.2d 542 (1982); *Reese v. Dempsey*, 48 N.M. 417, 152 P.2d 157 (1944).

Both under the repealed and current habitual offender provisions, once it is determined that a defendant is an habitual offender, any sentence imposed for the current felony is no longer an authorized sentence because the sentence provided for the current felony has been supplanted by the additional sentence mandated for an habitual offender. *Lott v. Cox*, 75 N.M. 102, 401 P.2d 93 (1965); *State v. Harris*, 101 N.M. 12, 677 P.2d 625 (Ct.App.1984). *See*

*also Lott v. Cox*, 76 N.M. 76, 412 P.2d 249 (1966).

Section 31–18–20 requires the trial court to sentence an habitual offender to the sentence prescribed in Section 31–18–17. Davis had two prior felony convictions within the meaning of the habitual offender provisions. Section 31–18–17(C) provides that "his basic sentence shall be increased by four years * * *." The majority do not apply this requirement because there is no basic sentence.

Concerning the repealed habitual offender provisions, *Lott v. Cox*, 75 N.M. 102, 105, 401 P.2d 93, states:

> There is no requirement of law that the punishment for the felony of which accused was convicted be first imposed and then vacated in order to impose the increased punishment prescribed by the Habitual Criminal Act. If the determination of identity is made before sentence has been imposed in the felony case, the increased punishment prescribed by that act is to be imposed in the felony case. If, however, such determination is made after sentence, then such sentence must be vacated and a new increased punishment must be imposed in the felony case.

*See State v. Bonner*, 81 N.M. 471, 468 P.2d 636 (Ct.App.1970). *State v. Harris* points out that under the prior law the sentence for an habitual offender was a new sentence, thus any sentence for the current conviction had to be vacated and the sentence as an habitual offender imposed. Under Section 31–18–17 this is no longer required because the increased sentence is an add-on provision.

The result in this case should be that: (1) The basic sentence, which has been deferred, remains deferred, *see State v. Mayberry*, 97 N.M. 760, 643 P.2d 629 (Ct.App. 1982). (2) The mandatory four-year sentence of the trial court was properly imposed, *see State v. Harris*. This accords with the legislative intent that increased imprisonment as an habitual offender is held *in terrorem* over the criminal, *see State v. Linam*, 93 N.M. 307, 600 P.2d 253 (1979), and with the legislative intent that

the increased punishment is mandatory, *see* Section 30–18–17(C). In holding otherwise, the majority disregard legislative intent.