2007-NMCA-112

166 P.3d 1101

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Daniel GALLEGOS, Defendant–
Appellant.**

No. 26,310.

Court of Appeals of New Mexico.

March 28, 2007.

Certiorari Denied, No. 30,355, June 4, 2007.

448

Gary K. King, Attorney General, Santa Fe, NM, Jacqueline R. Medina, Assistant Attorney General, Albuquerque, NM, for Appellee.

Tami Schneider, Santa Fe, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} We examine in this appeal a plea of no contest and resulting sentence in magistrate court. On de novo appeal, the district court permitted testimony of the magistrate concerning the foundation for the plea and, determining that the plea was valid, dismissed the appeal. It further severed improper aspects of the sentence and remanded to the magistrate court to impose the original sentence without the severed provisions. Defendant argues to this Court that the magistrate court record failed to demonstrate that the plea was valid, that the district court erred in conducting the evidentiary hearing to consider evidence other than the magistrate court record concerning the plea, and that Defendant was entitled to a de novo appeal in district court. We disagree and affirm, holding that the magistrate court record sufficiently demonstrates that the magistrate made the necessary inquiry in accepting the plea, that the district court could supplement the magistrate court record in order to determine its jurisdiction or to clarify the validity of the plea, and that the district court otherwise had the authority to sever an illegal sentence. We remand to the magistrate court to impose sentence.

## MAGISTRATE COURT PROCEEDINGS

{2} Defendant Daniel Gallegos was charged in magistrate court with careless driving in violation of NMSA 1978, § 66-8-114 (1978), a misdemeanor, arising from an incident involving a fatality and a serious injury. At his first appearance for arraignment, Defendant entered a no contest plea. The magistrate conducted a plea proceeding and accepted the plea, concluding that Defendant knowingly, voluntarily, and intelligently entered the plea. Defendant and the magistrate signed both a first appearance form and a plea proceeding form. Defendant subsequently, at sentencing, signed a waiver of counsel form. The magistrate found Defendant guilty of the charge and sentenced him to serve a jail term of ninety days and to pay a fine of $300 and court costs and fees of $75. It further ordered Defendant to perform forty hours of community service, to write a letter of apology to the victims' family, and to pay restitution for expenses.

## DISTRICT COURT PROCEEDINGS

{3} Defendant filed a notice of appeal in the district court. He contended among his assertions that his plea was not voluntary and knowing and that he "did not understand his constitutional rights and the maximum penalty and sentence when he entered the plea." He stated that the plea form that he signed did not contain the maximum sentence. He also contended that the provisions of his sentence for community service, apology, and restitution were improper. The State moved to dismiss the appeal on the basis that Defendant's valid no contest plea waived his right to a de novo appeal. Defendant responded, arguing that he had the right to appeal because his plea was not valid, that the district court was limited to the magistrate court record in reviewing the plea, and that the record was insufficient to demonstrate the validity of the plea. As the magistrate court is not a court of record, NMSA 1978, § 35-1-1 (1968), this "magistrate court record" to which Defendant refers is limited to the papers filed in that court.

{4} The district court did not agree that it was limited to the magistrate court record and permitted an evidentiary hearing. At

the hearing, the magistrate testified on behalf of the State. He stated that he had conducted thousands of arraignments and followed a procedure under which he advises a defendant of the charges, the penalties attached, and the defendant's constitutional rights, which he reads in detail. After he clarifies the defendant's address, he advises the defendant of the right to counsel, including the ability to complete an application for public defender representation at the State's expense, and the right to plead guilty, no contest, or not guilty.

{5} The magistrate testified that he followed this general procedure in this case. He was also able to testify about the specific procedure he followed with regard to Defendant. He particularly remembered this case because the office of the district attorney did not usually file minor charges such as careless driving, as it had done in this case.

{6} According to the magistrate's testimony, at the first appearance, the magistrate informed Defendant that for the charge of careless driving Defendant faced a penalty of "up to $300 and/or ninety days in jail." He clarified Defendant's address and learned that Defendant had recently moved to Rio Rancho. He advised Defendant of his constitutional rights, including his right to counsel. He further advised Defendant of his three choices of plea: not guilty, guilty, or no contest. Defendant elected to plead no contest. Defendant did not have any questions and did not, at any time, indicate that he did not understand his rights. Because Defendant was pleading no contest, the magistrate went through the guilty or no contest plea proceeding form with Defendant. He again advised Defendant of his constitutional rights, including his right to counsel, in the context of the explanation of the plea proceeding form. In response to the magistrate's questions, Defendant did not indicate at any point that he did not understand his rights. He said that he would want an attorney at a later stage of the proceedings. Defendant signed the first appearance and plea proceeding forms, and the magistrate then also signed the forms. The magistrate set the case for sentencing.

{7} The magistrate testified that Defendant did not have an attorney at the sentencing hearing. The magistrate again advised Defendant of his constitutional rights, including his right to counsel, reminding him of the charge and the maximum potential penalties. Defendant signed a waiver of counsel, and the case proceeded to sentencing.

{8} The district court determined that Defendant's plea and waiver of counsel were knowing, intelligent, and voluntary, and it granted the State's motion to dismiss the de novo appeal. It remanded to the magistrate court to impose the original sentence, striking the community service, letter of apology, and restitution.

## MOTION TO DISMISS FOR LACK OF DISTRICT COURT JURISDICTION

{9} The State initially moved the district court to dismiss Defendant's de novo appeal for lack of jurisdiction. A party who is not "aggrieved" by a final judgment or decision of a magistrate court has no right to appeal to district court. *State v. Ball,* 104 N.M. 176, 181–82, 718 P.2d 686, 691–92 (1986) (explaining that the historical foundation of Article VI, Section 27 of the New Mexico Constitution granting the right of appeal from inferior courts to district court was limited to aggrieved parties); *see also* NMSA 1978, § 35–13–1 (1975) (limiting the right to appeal a judgment or final order from a magistrate court in a criminal case to an "aggrieved" defendant). A defendant who enters a voluntary and knowing plea of guilty or no contest in an inferior court is not an aggrieved party for the purpose of appeal to district court. *Ball,* 104 N.M. at 183, 718 P.2d at 693; *State v. Johnson,* 107 N.M. 356, 357, 758 P.2d 306, 307 (Ct.App.1988).

{10} Defendant opposed the State's motion to dismiss by arguing that he did not knowingly, voluntarily, and intelligently give his plea. According to Defendant, the plea proceeding form did not provide the minimum and maximum penalties and he did not validly waive his constitutional right to counsel. As a result, Defendant contended that he was an aggrieved party entitled to appeal to district court.

{11} In order to ascertain whether Defendant was an aggrieved party, the district

court also needed to determine the scope of its review of the magistrate court proceedings. Defendant argued, as he does on appeal, that under *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the district court could only review the magistrate court record when addressing Defendant's plea. In *Boykin,* the United States Supreme Court held that it could not presume that the defendant entered a voluntary plea, waiving his important constitutional rights against self-incrimination, to a jury trial, and to confront his accusers, from a silent record. *Id.* at 242–43, 89 S.Ct. 1709. As with a waiver of counsel, it required that the record or evidence provide the basis for the waiver. *Id.* at 243, 89 S.Ct. 1709.

{12} As a general rule, New Mexico follows the requirement that the record reflect the basis for the waiver. *See State v. Martinez,* 89 N.M. 729, 732, 557 P.2d 578, 581 (Ct.App.1976) ("New Mexico has consistently followed the approach that the validity of a guilty plea is determined by whether the plea was intelligent and voluntary ... by examination of the record as a whole."); *State v. Vigil,* 85 N.M. 328, 333, 512 P.2d 88, 93 (Ct.App.1973) ("The requirements for a voluntary guilty plea ... must affirmatively appear in the record.") (citations omitted). Our case law acknowledges that Rule 5–303 NMRA of the Rules of Criminal Procedure for the District Courts incorporates the basis for a court to comply with this requirement. *State v. Garcia,* 121 N.M. 544, 547, 915 P.2d 300, 303 (1996). However, neither *Boykin* nor Rule 5–303 imposes an exclusive method to ascertain if a plea is knowing and voluntary. *State v. Jonathan B.,* 1998–NMSC–003, ¶ 11, 124 N.M. 620, 954 P.2d 52 (stating that substantial compliance with the rules is sufficient if the defendant has acted knowingly and voluntarily); *Garcia,* 121 N.M. at 547, 915 P.2d at 303 ("Although the court must be certain the plea is knowing and voluntary, it is more reasonable to require substantial compliance rather than to require the trial courts to strictly adhere to a script."); *Martinez,* 89 N.M. at 732, 557 P.2d at 581 ("*Boykin* does not provide a checklist of inquiries which must be specifically covered before the trial court can accept a valid guilty plea."). Rather, in the context of appellate review of a trial court record, substantial compliance with the requirements will suffice if the record demonstrates a knowing and voluntary waiver. *Jonathan B.,* 1998–NMSC–003, ¶ 11; *Garcia,* 121 N.M. at 547, 915 P.2d at 303.

{13} However, the case law does not entirely address the situation before us. *Boykin* and our New Mexico cases all involve appellate review of trial court proceedings in which a record of the entire proceedings was made. In this case, the district court was called upon to review magistrate court proceedings that were limited to a record of written forms without a record of the plea hearing. We thus consider whether *Boykin* and New Mexico case law prohibited the district court from hearing the testimony of the magistrate with regard to the plea hearing in this case. We do not believe that they do.

{14} The magistrate court record demonstrates the magistrate's effort to substantially comply with requirements to ascertain the validity of the plea. Defendant asserts that the magistrate court record is deficient because it does not reflect that his plea was voluntary, knowing, and intelligent. He asserts that the magistrate did not use the form required by Rule 9–406 A NMRA for the plea proceeding that includes a statement of the minimum and maximum penalties for charges subject to a plea. The Rule 9–406A form reads in relevant part:

2. That the defendant understands the range of possible sentences for the offense charged, [a mandatory minimum of _____ and] up to a maximum of _____.

The magistrate used another form that reads:

2. That the defendant understands the range of possible sentence for the offense charged.

Either as part of the form or added by the magistrate court, the paragraph concludes with: "{AS STATED AT FIRST APPEARANCE}."

{15} As we have discussed, substantial compliance, rather than strict adherence to a script will justify a knowing and voluntary

plea. *Jonathan B.*, 1998–NMSC–003, ¶ 11; *Garcia*, 121 N.M. at 547, 915 P.2d at 303. Although the form used did not have a space specifically for the minimum and maximum sentence, it otherwise covered the range of sentence in similar fashion to the Rule 9–406A form. Additionally, the form used noted that the range of sentence was stated at the first appearance. We consider this notation to be significant because it shows that the record is not silent as in *Boykin*, but instead indicates that the magistrate had provided Defendant with the information earlier on the same day. Thus, although the magistrate court record demonstrates that the information Defendant claims was lacking was given to Defendant, the form does not provide the actual information. With these indications of substantial performance, the district court only needed to confirm the information provided at the first appearance. Indeed, the district court could reasonably have weighed the evidence and determined that there was sufficient evidence to support a conclusion that the plea was valid. *See Garcia*, 121 N.M. at 546, 915 P.2d at 302; *cf. State v. Bennett*, 2003–NMCA–147, ¶ 19, 134 N.M. 705, 82 P.3d 72 (stating that this Court does not reweigh evidence). With the magistrate's testimony, it is evident that the magistrate advised Defendant of the charge, his constitutional rights, and the range of penalties upon conviction and that Defendant did not express any lack of understanding in the communications.

{16} The unusual posture of this case also bears on our analysis. Typically, when a defendant seeks to overturn a plea, the defendant will file a motion in the court that accepted the plea. In such circumstances, the court will receive evidence as necessary to make a ruling. Appellate review of a ruling accepting a plea or denying a motion to overturn a plea will be based on the record. In the case before us, Defendant did not move to overturn the plea in the magistrate court, and the review of the district court did not have the benefit of a full record of the plea proceedings. In this posture, the district court did not act improperly in determining its jurisdiction by allowing evidence to clarify the record of the magistrate court.

{17} We do not read *Boykin* to preclude an evidentiary hearing in these circumstances. In *Boykin*, the Supreme Court reviewed a trial court plea with a record that was silent as to waiver of constitutional rights. *Boykin*, 395 U.S. at 242–43, 89 S.Ct. 1709. It analogized the issue to the waiver of right to counsel that it had addressed in *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). *Boykin*, 395 U.S. at 242, 89 S.Ct. 1709. It stated that it held in *Carnley* : "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Boykin*, 395 U.S. at 242, 89 S.Ct. 1709 (internal quotation marks and citation omitted). It then applied the same standard in determining whether a guilty plea is voluntary. *Id.* The language "or there must be an allegation and evidence which show" leaves open the opportunity in the proper circumstances for evidence in addition to the record of the plea proceedings to bear on the reviewing court's determination. *Id.; see also Kotas v. Commonwealth*, 565 S.W.2d 445, 446–47 (Ky.1978) (holding that the trial court properly supplemented the record on the validity of a plea by means of a subsequent evidentiary hearing).

{18} Because the typical cases concerning plea review involve appellate review of trial court proceedings with a record of plea hearings, evidence beyond the record of the plea hearing is generally not available or pertinent. Indeed, an evidentiary hearing may be held to reconstruct a lost or destroyed record. *See Joe v. State*, 565 P.2d 508, 512–13 (Alaska 1977). However, that circumstance is different from the one before us because a record was originally intended that the evidence later reconstructs. We consider the case before us to be unique because the district court has the obligation to determine the validity of the plea in order to determine its jurisdiction over the appeal. *Cf. Eldridge v. Circle K Corp.*, 1997–NMCA–022, ¶ 26, 123 N.M. 145, 934 P.2d 1074 (holding that, in the limited circumstances of that case, "the district court should exercise initial jurisdiction to determine jurisdiction"). *Boykin* does not

appear to require a contemporaneous record, as Defendant contends. The New Mexico cases we have mentioned only address review of a trial court of record. *E.g., Jonathan B.,* 1998–NMSC–003, ¶¶ 3–4 (noting that the defendant was charged in children's court); *Garcia,* 121 N.M. at 545, 915 P.2d at 301 (noting that the plea was entered in district court); *see also Martinez,* 89 N.M. at 733, 557 P.2d at 582 (discussing the record); *State v. Montler,* 85 N.M. 60, 61, 509 P.2d 252, 253 (1973) (examining the record to determine if the necessary information was communicated to the defendant).

{19} As a result, the district court did not err by conducting the evidentiary hearing. It had before it the basis to reach its determination that the plea was valid. The district court did not err in concluding that Defendant was not an aggrieved party eligible to bring a de novo appeal.

### SENTENCE ILLEGALITIES

{20} Defendant additionally argues that he was aggrieved because of the magistrate court's requirements as part of his sentence that he perform community service, write a letter of apology, and pay restitution. The parties agree that these provisions exceed the magistrate's sentencing authority in this case. *See* NMSA 1978, § 66–8–7(B) (1989) (authorizing a maximum sentence of ninety days imprisonment and a $300 fine). Although the district court ordered that these provisions of the sentence be severed for sentencing on remand, Defendant contends that this action is insufficient to remedy the constitutional error and further contends that by severing the illegal provisions, the district court entertained de novo review of the appeal, contrary to its position that it did not have jurisdiction to do so. We do not agree.

{21} We take a common sense approach to determining the jurisdiction of the district court to entertain de novo appeals. *Ball,* 104 N.M. at 183, 718 P.2d at 693. While the district court in this case did not have jurisdiction to vacate the no contest plea and entertain a trial de novo, the district court nonetheless had jurisdiction to consider the legality of the sentence. *Id.* (distinguish-

ing between a defendant who is aggrieved by not receiving a trial and a defendant who is aggrieved by receiving an illegal sentence). Defendant was an aggrieved party for the purposes of appealing his sentence because the magistrate court imposed an illegal sentence. *Id.* Thus, even though the district court dismissed the appeal for lack of jurisdiction, it nevertheless had the authority to address the illegalities in the sentence. It did not err in doing so.

### CONCLUSION

{22} The district court's order dismissing Defendant's appeal is affirmed.

{23} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and MICHAEL D. BUSTAMANTE, Judges.