This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **NO. 29,237**

**AGUSTIN VIGIL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Stephen D. Pfeffer, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals the sentence imposed by the magistrate court for his third conviction for driving while under the influence of intoxicating liquor or drugs (DWI) and for a conviction for driving on a revoked or suspended license, arguing that he was denied equal protection when the magistrate court refused to grant presentence confinement credit for 39 days that he spent on electronic monitoring prior to his guilty plea. Because he has failed to establish a record to support his claim, we affirm Defendant's sentence.

**BACKGROUND**

Defendant was charged with his third DWI in violation of NMSA 1978, Section 66-8-102(F) (2008) (amended 2010), and driving on a revoked or suspended license in violation of NMSA 1978, Section 66-5-39 (1993). He pled guilty to both counts. He was sentenced to 364 days on each count, for a total of 728 days, but the magistrate court suspended all but 30 days for DWI and all but 7 days for driving on a revoked or suspended license. The magistrate court awarded 5 days' credit for presentence confinement for the 5 days that Defendant spent in jail following his arraignment. The magistrate court did not award any presentence confinement credit for the 39 days that Defendant allegedly spent on electronic monitoring before his plea.

Defendant filed a motion in district court to correct his illegal sentence, arguing that even if the magistrate court had discretion to deny him presentence confinement credit under Section 66-8-102(F) as interpreted by *State v. Martinez*, 1998-NMSC-023, ¶¶ 7-15, 126 N.M. 39, 966 P.2d 747, the exercise of that discretion was a denial of his right to equal protection when he was unable to bail himself out of jail and was therefore forced to serve an effective sentence of 76 days rather than the given sentence of 37 days. The district court denied Defendant's motion.

**Defendant Failed to Establish a Factual Basis for His Equal Protection Argument**

Defendant does not dispute that as a matter of statutory law, an award of presentence confinement credit is discretionary. *See id.* ¶¶ 14-15 ("[T]he judiciary possesses inherent discretionary authority to grant presentence confinement credit.").

Defendant's only argument on appeal is that his sentence is unconstitutional. He contends that he was denied equal protection when the magistrate court exercised its discretion in denying him presentence confinement credit for the 39 days he spent on electronic monitoring. Defendant argues that he was required to serve more than double the sentence of an individual who would have been able to bail himself out of jail and who would have been free of electronic monitoring.

Here, the magistrate court granted Defendant credit for the 5 days spent in jail but denied credit for the 39 days he argues that he spent on electronic monitoring.

3

Defendant appealed to the district court. The district court reviewed Defendant's motion de novo because "[t]he magistrate court is not a court of record." NMSA 1978, § 35-1-1 (1968); *State v. Foster*, 2003-NMCA-099, ¶ 9, 134 N.M. 224, 75 P.3d 824 ("[A]ppeals from magistrate courts are de novo."). Because the record on an appeal from a magistrate court to a district court is limited, a district court can hear evidence in an appeal from the magistrate court. *See State v. Gallegos*, 2007-NMCA-112, ¶ 16, 142 N.M. 447, 166 P.3d 1101 (concluding that it was permissible for the district court to hold an evidentiary hearing on an appeal from magistrate court). In this case, the district court conducted a hearing on Defendant's motion to correct his illegal sentence, but no evidence was presented that Defendant was unable to post bond or that he was actually on electronic monitoring for 39 days. Even though defense counsel argued that Defendant was unable to bail himself out of jail and that he was placed on electronic monitoring, those arguments do not establish a factual basis on which Defendant could have based his equal protection claim because "arguments of counsel are not evidence." *See Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104; *see also State v. Gomez*, 1997-NMSC-006, ¶ 22, 122 N.M. 777, 932 P.2d 1 (holding that to establish a state or federal constitutional claim a defendant must establish a factual basis in order for the court to rule on the issue).

On appeal to this Court, Defendant acknowledges that the record contains no further evidence of whether he posted bond or was placed on electronic monitoring. The record only establishes that on May 19, 2008, Defendant's bond was set at $10,000, and on May 23, 2008, a note was hand written on the arraignment sheet expressing that the bond was "$10,000 surety or 10% cash." We have no way of knowing either who wrote the clarification because the signature is not legible or whether Defendant met the bond requirements. Furthermore, we can only presume that Defendant was released from jail on May 23, 2008, and that he was placed on electronic monitoring at that time. Defendant has failed to establish a record which would create a sufficient factual basis on which we could review his equal protection claim. *See Pharm. Mfrs. Ass'n v. N.M. Bd. of Pharmacy*, 86 N.M. 571, 575-76, 525 P.2d 931, 935-36 (Ct. App. 1974) (dismissing an equal protection claim where there was no factual basis to support it).

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's sentence.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

5

_____

**CELIA FOY CASTILLO, Chief Judge**


_____

**JAMES J. WECHSLER, Judge**