This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                **No. 32,448**

**JERMAINE JONES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Donna J. Mowrer, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}    Defendant appeals from the district court's judgment and sentence, convicting him for failing to register as a sex offender.  Defendant's conviction was entered pursuant to a conditional guilty plea that reserved the "right to appeal his requirement to register as a sex offender[.]"  On appeal, Defendant contends that he should not have to register as a sex offender for his 2002 conviction for false imprisonment of a minor, even though it is one of the registrable offenses enumerated in the New Mexico Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2013), because Defendant's conviction was not a sex offense and did not have a sexual component.  Defendant raises due process and equal protection challenges to his registration requirement, which were not preserved below.  Defendant also contends that he should be permitted to withdraw from the plea agreement upon which his 2002 conviction was based.

{2}    We make no judgment on the applicability of Defendant's constitutional arguments because Defendant did not establish on the district court record that the conduct underlying his false imprisonment conviction lacked a sexual component.  Also, Defendant did not establish on the record that the court files from the 2002 conviction were destroyed and unrecoverable.  Nor did Defendant make any request to reconstruct the destroyed records in order to establish the factual predicate for his conviction.  Lastly, Defendant did not bring a motion to withdraw his plea below.  We

2

note that Defendant did not reserve and does not raise on appeal a challenge to the sufficiency of the evidence, and he does not argue that he was denied the effective assistance of counsel. Under the circumstances presented to us, we hold that Defendant must develop all of his appellate claims pursuant to another post-conviction remedy. Accordingly, we affirm.

**DISCUSSION**

{3} Defendant does not dispute that in 2002, pursuant to a plea agreement, he was convicted for false imprisonment of a minor and that he was not the minor's parent. Defendant does not dispute that his conviction fell within the applicable statutory definition of "sex offense," Section 29-11A-3(B)(7) (2000), and required him to register as a sex offender. Defendant registered as a sex offender in 2009 upon his release from prison for his 2002 convictions. Defendant updated his registration in 2010 and also renewed his registration in 2010. Defendant admits that he failed to comply with registration requirements in 2011 and pled guilty to the charge of failing to register as a sex offender, which gave rise to this appeal.

{4} As stated earlier, on appeal, Defendant contends that SORNA is unconstitutional as applied to him because the conduct underlying his conviction lacked any sexual component. Defendant relies on this Court's opinion in *ACLU of New Mexico v. City of Albuquerque*, 2006-NMCA-078, ¶¶ 23-25, 139 N.M. 761, 137

P.3d 1215, and on the broader protections afforded by the Due Process and Equal Protection Clauses of the New Mexico Constitution. Alternatively, Defendant argues that he should be permitted to withdraw his 2002 plea because he was not apprised of the consequences of pleading guilty to false imprisonment of a minor, and had he known, he would not have pled guilty.

{5}     Defendant concedes that he did not specifically argue that SORNA, as applied to him, violates his constitutional rights, but he asserts that his arguments are preserved for appeal, nonetheless. We disagree. Defendant refers us to portions of the transcript and to his plea agreement wherein he reserved the "right to appeal the false imprisonment being a registerable offense." Defendant's reservation in the judgment stated the "right to appeal his requirement to register as a sex offender[.]" The record proper and the transcript contain no reference to *ACLU of New Mexico* or Defendant's other constitutional claims and contain no ruling from the district court on the constitutional propriety of his requirement to register. The mere reservation of the issue in the plea agreement and judgment does not operate to preserve his constitutional arguments for appeal. *See State v. Hodge*, 1994-NMSC-087, ¶ 26, 118 N.M. 410, 882 P.2d 1 ("One preserves an issue for appeal by invoking a ruling from the court on the question; one reserves an issue for appeal . . . by specifying the issue as a condition to a plea of guilty or nolo contendere." (emphasis omitted)).

4

**{6}** Even more problematic, however, is the absence in the record of any development of the facts necessary to give rise to Defendant's constitutional claims. Defendant represents that, at the conditional plea hearing, the State did not dispute his assertion that his false imprisonment conviction did not have a sexual component. The State's answer brief indicates that the facts of Defendant's 2002 conviction were never presented or developed on the record, and therefore, the State had no fair opportunity or reason to respond to or dispute Defendant's assertion. The record supports the State's contention. The plea hearing did not involve any discussion of the 2002 conviction for which Defendant has been required to register as a sex offender. In fact, the district court expressed its complete unfamiliarity with Defendant's 2002 conviction and the issue he reserved for appeal. Defense counsel made no attempt to explain the issue or develop the facts underlying Defendant's 2002 conviction.

**{7}** As a result, this Court does not know whether Defendant's 2002 conviction lacked a sexual component, and argument of counsel in the briefs does not constitute evidence upon which we may rely. *See State v. Salas*, 2010-NMSC-028, ¶ 19, 148 N.M. 313, 236 P.3d 32 ("[A]rgument of counsel is not evidence." (internal quotation marks and citation omitted)). In the absence of a record showing that Defendant's 2002 conviction lacked a sexual component, Defendant's constitutional claims are not

5

properly raised in this Court, and we will not decide a constitutional question without the factual support needed to raise it. *See id.*; *see also Schlieter v. Carlos*, 1989-NMSC-037, ¶ 13, 108 N.M. 507, 775 P.2d 709 ("It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so. [Our Supreme Court has] repeatedly declined to decide constitutional questions unless necessary to the disposition of the case.").

{8}     We also note that Defendant's brief in chief indicates that appellate counsel attempted to obtain court records for Defendant's 2002 conviction and was told that there are no records in existence because the Ninth Judicial District Court destroys all records after three years, unless the case involves homicide or other serious crimes. Appellate counsel also represents that the Clovis Public Defender Department has destroyed all pre-2003 files. To the extent that Defendant suggests that the destruction of the records precluded him from presenting to the district court the factual predicate for his 2002 conviction, there is nothing in the record to support such a contention. Also, the record shows that Defendant never asked the district court for a hearing to reconstruct the record in order to establish the facts underlying his 2002 conviction. *See, e.g.*, *State v. Gallegos*, 2007-NMCA-112, ¶ 18, 142 N.M. 447, 166 P.3d 1101 (noting that "an evidentiary hearing may be held to reconstruct a lost or destroyed

6

record"). For these reasons, we hold that the record is inadequate to address the constitutional issues raised on appeal.

**{9}** Lastly, Defendant argues that he should be permitted to withdraw his plea in the 2002 false imprisonment case. Defendant asserts that trial counsel argued for the 2002 plea to be set aside and that the district court denied the request. Defendant does not make any citation to the record to support this assertion, and the record does not support it. *See* Rule 12-213(A)(4) NMRA (requiring the appellant to explain how an issue was preserved with citations to the record proper or transcript of proceedings). A defendant must first move to withdraw a plea in the lower court before alleging error in this Court. *See State v. Steven B.*, 2004-NMCA-086, ¶ 24, 136 N.M. 111, 94 P.3d 854. In the absence of any effort to preserve this matter for our review, we do not address it. *See id.* ¶¶ 24-25 (holding that where the child did not file a motion to withdraw the plea or argue that the sentence was illegal or argue fundamental error, there was no basis upon which to address the claim of error in accepting his plea).

**{10}** Defendant's brief contemplates the possibility that withdrawing his plea may only be achieved in habeas corpus proceedings and asks that this Court note in its decision that the matter may be raised in a collateral proceeding, if we so determine. We take this opportunity to commend Defendant to other avenues of post-conviction relief for all the issues he raises on appeal in light of the looming problems that may

7

be presented under *ACLU of New Mexico*. 2006-NMCA-078, ¶¶ 24-25 (holding that the registration provisions of a city's sex offender ordinance requiring registration for false imprisonment convictions without any sexual component violates due process and is therefore unconstitutional). Defendant may consider raising a habeas claim, for example, because it "is not barred if it is grounded in facts beyond the record previously presented on appeal, and if the additional facts are those which could not, or customarily would not, be developed in a trial on criminal charges." *Campos v. Bravo*, 2007-NMSC-021, ¶ 7, 141 N.M. 801, 161 P.3d 846 (internal quotation marks and citation omitted); *see Duncan v. Kerby*, 1993-NMSC-011, ¶ 3, 115 N.M. 344, 851 P.2d 466 ("Our habeas corpus cases applying preclusion have not involved instances in which a defendant could not make an evidentiary case for himself on direct appeal because facts supporting his claim were not part of the record.").

{11} Because none of Defendant's issues were sufficiently raised and developed in the district court, we affirm Defendant's judgment and sentence.

{12} **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**


_____

**MICHAEL D. BUSTAMANTE, Judge**