This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 34,649**

**LEMUEL WILSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant has appealed following the revocation of his probation. We issued a notice of proposed summary disposition in which we proposed to affirm. Defendant

has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     The pertinent background information was previously set forth in the notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3}     Defendant continues to argue that he should have been allowed to withdraw his plea. [MIO 4-7] He advances two sub-arguments. First, Defendant argues that the trial court's failure to advise him about the sentence range renders the plea unknowing and/or involuntary. [MIO 4-6] The rule applicable to plea proceedings in magistrate court merely requires advisement as to any mandatory minimum and the maximum possible penalty. *See* Rule 6-502(B) NMRA. This was satisfied. As we previously observed, at the time of sentencing no mandatory minimum applied. Defendant was advised of the number of days left on his probationary term; this correlates with the maximum extent of the magistrate court's authority. *See* NMSA 1978, § 31-20-5(A) (2003); *State v. Nieto*, 2013-NMCA-065, ¶ 5, 303 P.3d 855 (discussing the sentencing authority of the magistrate courts, relative to probation violations). Defendant does not contend otherwise. [MIO 6] Accordingly, Defendant was duly advised of the applicable parameters.

**{4}**     We understand Defendant to suggest that he should have been "advised of all the possible penalties," [MIO 1] in reliance upon *State v. Gallegos*, 2007-NMCA-112, 142 N.M. 447, 166 P.3d 1101.  However, the "range" discussed in *Gallegos* was simply the realm between the mandatory minimum and the statutory maximum, within which the trial court was at liberty to exercise its discretion. *See id.* ¶¶ 14-15.  Nothing in *Gallegos*, or any other authority of which we are aware, would require a more complete description of all potential sentencing outcomes. We therefore reject Defendant's first assertion of error.

**{5}**     Second, Defendant renews his argument that the admission should be deemed unknowing or involuntary based on the trial court's failure to ensure that he was represented by counsel. [MIO 6-7] As we previously noted, insofar as this was a simple case in which Defendant did not dispute commission of the violation, did not offer justification or mitigation, and did not otherwise suggest complex or difficult issues, it is not at all clear that Defendant was entitled to representation. *See State v. Leon*, 2013-NMCA-011, ¶¶ 11-12, 292 P.3d 493 (identifying relevant considerations in this context).  Defendant's apparent dissatisfaction with his sentence [MIO 6] does not convince us otherwise.

**{6}**     Even if we were to assume that Defendant was entitled to counsel, he undisputedly waived that right when he entered the plea. [DS 3; RP 30]

3

Notwithstanding that waiver, Defendant continues to assert that he was entitled to counsel at sentencing, based on his alleged request for representation at that juncture. [MIO 6-7] However, as we previously observed, conflicting evidence was presented on this matter. [RP 108, 111] The district court was at liberty to resolve that conflict in the State's favor, and to conclude as it did that Defendant failed to alert the trial court of his desire for representation prior to or during the sentencing hearing. [RP 113, 116] *See State v. Anaya*, 2012-NMCA-094, ¶ 33, 287 P.3d 956 (upholding a determination by the district court that the defendant did not make a request, and relatedly observing that where "testimony provides substantial evidence to support the district court's finding . . . we will not disturb it on appeal"). We therefore reject Defendant's argument.

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**MICHAEL D. BUSTAMANTE, Judge**

4

_____

**TIMOTHY L. GARCIA, Judge**