This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                              NO. 33,724

HARRISON HARVEY,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Karen L. Townsend, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM
Kenneth H. Stalter, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

MEMORANDUM OPINION

GARCIA, Judge.

**{1}** Defendant, Harrison Harvey, appeals the order dismissing his appeal to the district court that arose following his admission in the magistrate court that he had violated his probation and the magistrate court's amended judgment and sentence requiring Defendant to serve the remainder of his jail sentence. We dismiss this appeal as moot for reasons we explain below.

**BACKGROUND**

**{2}** On May 16, 2013, the magistrate court entered a judgment and sentence adjudging Defendant guilty of DWI and driving with a suspended or revoked license and sentencing him to about a year in jail. The magistrate court suspended Defendant's jail sentence and ordered five years of supervised probation under the following conditions relevant to this appeal:

> Defendant shall have no negative contact with law enforcement with the exception of minor traffic infractions.
>
> Defendant shall not consume alcoholic beverages or enter any establishments which serve alcohol except restaurants.
>
> . . . .
>
> Defendant shall report to the Compliance Program within 24 hours [of entry of the judgment and sentence], or if incarcerated, within 24 hours of release from custody.

**{3}** A few weeks later, on June 4, 2013, Defendant's probation officer requested the

2

magistrate court to issue a bench warrant for Defendant because: (1) Defendant had not reported to the Compliance Program within 24 hours of his release from custody; and (2) Defendant had been arrested on June 4, 2013 for his fourth DWI, driving with a suspended or revoked license, possession of drug paraphernalia, resisting/evading/obstructing an officer, and retaining stolen property with a value of over $2,500. That same day, Defendant appeared before the magistrate court for his probation violation arraignment. During this arraignment, Defendant signed a form waiving his right to a lawyer, and he admitted to violating his probation. The magistrate court entered an amended judgment and sentence revoking Defendant's probation and requiring him to serve 345 days in jail.

{4}     Defendant later retained counsel and filed a notice of appeal to the district court. In the district court, Defendant moved to vacate his admission in the magistrate court that he violated his probation. In his motion, Defendant recognized that "[a] defendant who enters a voluntary and knowing plea of guilty or no contest in an inferior court is not an aggrieved party for the purpose of appeal to [the] district court." *State v. Gallegos*, 2007-NMCA-112, ¶ 9, 142 N.M. 447, 166 P.3d 1101; *see State v. Ball*, 1986-NMSC-030, ¶ 32, 104 N.M. 176, 718 P.2d 686. Defendant asserted, however, that his admission to the probation violation "was not voluntary and knowing because

3

he did not knowingly and intelligently waive his right to counsel[,]" thus making him an aggrieved party entitled to appeal to the district court. He asked the district court to enter an order vacating the amended judgment and sentence and to "conduct[] a de novo probation violation hearing."

**{5}** The district court held an evidentiary hearing on Defendant's motion. At this hearing, Defendant testified that on June 3, 2013, prior to his arrest on June 4, 2013, he had been drinking alcohol. Furthermore, defense counsel submitted evidence that Defendant's breath alcohol content was .18 on the night he was arrested.

**{6}** In denying Defendant's motion and dismissing his appeal, the district court entered the following findings of facts and conclusions of law, which are relevant here:

> **[Findings]**
>
> . . . .
>
> 2. Included in the conditions of probation imposed in the *Judgment and Sentence* was to 'have no negative contact with law enforcement' and to 'not consume alcoholic beverages.'
>
> 3. The Defendant never reported to the Compliance Program for probation supervision.
>
> 4. Late on June 3, 2013, the Defendant was arrested for a fourth offense of DWI. By about midnight, the Defendant's [breath] alcohol content measured .18.

4

. . . .

**[Conclusions]**

2.    Despite the Defendant's assertion that essentially he was under the influence of intoxicating liquor when he admitted on June 4th to violating his probation, the Defendant is not an aggrieved party [for purposes of de novo appeal to the district court]. The Defendant's formal admission to violating his probation was essentially irrelevant because [the magistrate judge] had before him a probationer who, by virtue of being in jail, had necessarily had negative contact with law enforcement in violation of the probation the [magistrate court] had imposed 19 days previously.

3.    Notwithstanding an admission or a denial in the [m]agistrate [c]ourt, the Defendant's presence in jail was proof that the Defendant had violated his probation. Any alleged invalidity of the admission, therefore, is moot and the Defendant is not an aggrieved party with a right to appeal.

4.    By arguing in this [c]ourt that he was under the influence of intoxicating liquor on June 3rd and 4th, the Defendant also inescapably admits to this [c]ourt that he violated his probation.

{7}    On appeal to this Court, Defendant asserts that (1) the "no negative contact" probation condition is unconstitutionally vague; (2) the waiver of counsel form signed by Defendant was "legally defective" because the procedure for representation of indigent persons under NMSA 1978, Section 31-15-12 (1993) and NMSA 1978, Section 31-15-10 (2001) was not followed; (3) Defendant's waiver of his right to have an attorney represent him at his probation violation arraignment "was not knowing,

5

intelligent, and voluntary"; and (4) the New Mexico Constitution provides greater protection than the federal constitution "when it comes to advising a self-represented client of legally recognized defenses."

**DISCUSSION**

**Defendant's Appeal Is Moot**

{8}     Whether issues raised on appeal are moot is a threshold jurisdictional question we must raise sua sponte and review de novo. *See State v. Favela*, 2013-NMCA-102, ¶ 6, 311 P.3d 1213 ("The question of jurisdiction is a controlling consideration that must be resolved before going further in a proceeding and may even be raised by the appellate court on its own motion. We review jurisdictional issues de novo." (internal quotation marks and citations omitted)), *aff'd*, 2015-NMSC-005, 343 P.3d 178; *see also Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300 ("[I]t is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them."); *Howell v. Heim*, 1994-NMSC-103, ¶ 7, 118 N.M. 500, 882 P.2d 541 ("The doctrine of mootness is a limitation upon jurisdiction[.]" (alteration, internal quotation marks, and citation omitted)). Appellate courts "do[] not decide moot cases. A case is moot when no actual controversy exists, and the court cannot grant actual relief." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734,

31 P.3d 1008 (internal quotation marks and citations omitted).

**{9}** We decline to address any of Defendant's arguments on appeal because the first two are unpreserved and all of them are rendered moot by Defendant's uncontroverted factual admission in the October 21, 2013, district court proceedings that he consumed alcohol on June 3, 2013 in violation of his probation. *See* Rule 12-216 NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked" except that "[t]his rule shall not preclude the appellate court from considering jurisdictional questions or, in its discretion, questions involving: (1) general public interest; or (2) fundamental error or fundamental rights of a party."); *see also Gunaji*, 2001-NMSC-028, ¶ 9 (stating that appellate courts "do[] not decide moot cases").

**{10}** There is no "actual controversy" that Defendant violated his probation because, during the district court proceedings on October 21, 2013, Defendant admitted that he consumed alcohol on June 3, 2013, an undisputed violation of one of his conditions of probation. *See Gunaji*, 2001-NMSC-028, ¶ 9. Defendant was represented by counsel when he made these admissions, and defense counsel also presented evidence that Defendant's blood-alcohol content was .18 on the night in question. There is no

7

actual controversy or challenge to this particular condition of Defendant's probation, that he was not to consume alcohol while on probation. In addition, Defendant does not assert any constitutional challenge to this particular condition of probation or factually dispute that he consumed alcohol on June 3, 2013, while on probation. Defendant does not attack the district court's findings in this regard or its conclusion that such conduct "inescapably" establishes that Defendant violated his probation, regardless of his additional arguments concerning other probation conditions or the validity of his waiver of counsel in the magistrate court. *See* Rule 12-213(A)(4) NMRA ("The argument [in the brief in chief] shall set forth a specific attack on any finding, or such finding shall be deemed conclusive."). Therefore, even if we were to reach and decide in Defendant's favor the issues concerning the negative contact provision as a condition of probation and the defects in his waiver of counsel in the magistrate court, our decision would not grant him any "actual relief" because he has admitted to the district court, while represented by counsel, that he violated his probation by drinking alcohol—a ground that does not depend on whether his other probation conditions were constitutional or whether his waiver of counsel in the magistrate court was valid. *See Gunaji*, 2001-NMSC-028, ¶ 9. Given this uncontested admission on the record in the district court, any remand to the district or magistrate

court for a hearing on whether Defendant violated his probation by consuming alcohol would "result in a needless waste of scarce judicial resources[.]" *Kysar v. BP Am. Prod. Co.*, 2012-NMCA-036, ¶ 16, 273 P.3d 867. Furthermore, we are not persuaded that a review of Defendant's additional issues is warranted under either of the recognized exceptions to the mootness doctrine. *See Gunaji*, 2001-NMSC-028, ¶ 10 (recognizing that appellate courts have the discretion to "review moot cases that present issues of substantial public interest or which are capable of repetition yet evade review").

**CONCLUSION**

{11}     For the reasons stated herein, we affirm the district court's determination that Defendant violated his conditions of probation by consuming alcohol and dismiss his remaining arguments on grounds of mootness. No actual controversy exists as to whether Defendant violated his probation by admitting that he consumed alcohol on June 2, 2013; he was represented by retained counsel of his choosing when he made this admission in the district court; and reaching any remaining issues Defendant raises on appeal would not provide him any actual relief. *See id.* ¶ 9.

{12}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

9

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**