This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. A-1-CA-36358**

**TABITHA L. WOLF,**

Defendant-Appellant,

**and**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. A-1-CA-36359**

**TABITHA L. WOLF,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Tabitha L. Wolf
Elida, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}    Defendant, a self-represented litigant, appeals from the district court's order dismissing her appeal and remanding to the magistrate court for enforcement of its judgment. We issued a notice of proposed summary disposition, proposing to affirm the district court's dismissal of Defendant's appeal from magistrate court, but not on the grounds relied upon by the district court. Defendant has filed a response to our notice that we have duly considered. We are not persuaded by Defendant's arguments, and therefore, we affirm.

{2}    The district court dismissed Defendant's appeal, ruling that because she entered a valid, unconditional plea of no contest in magistrate court, she is not an aggrieved party for the purpose of appeal to the district court. [RP 19-20, 24-25] Our notice pointed out that Defendant appealed on grounds that the magistrate court lacked subject matter jurisdiction. [RP 7-10, 28-31] We stated that "[b]ecause a challenge to subject matter jurisdiction calls into question the power of the . . . court to hear and decide the case before it, it is now well-settled that a lack of subject matter jurisdiction cannot be waived or cured by the consent of the parties." *El Castillo Retirement*

2

*Residences v. Martinez*, 2015-NMCA-041, ¶ 14, 346 P.3d 1164. "A judgment entered by a court lacking subject matter jurisdiction has no legal effect." *Allred v. N.M. Dep't of Transp.*, 2017-NMCA-019, ¶ 20, 388 P.3d 998. Not only can a lack of subject matter jurisdiction not be waived by plea agreement, it "may be raised at any time, including on appeal to this Court." *Id.* Observing that a party surely would be aggrieved by entry of a judgment that had no legal effect because it was entered by a court without subject matter jurisdiction, we proposed to hold that the district court erred by refusing to examine Defendant's challenge to the magistrate court's subject matter jurisdiction in order to ascertain whether Defendant was an aggrieved party entitled to appeal. *Cf. State v. Gallegos*, 2007-NMCA-112, ¶ 1, 142 N.M. 447, 166 P.3d 1101 (explaining that to determine whether the defendant, who entered a no contest plea in magistrate court, was an aggrieved party and whether the district court had jurisdiction to hear the appeal, the district court had to consider the defendant's claim de novo that his plea in magistrate court was invalid). We continue to believe that the district court erred and proceed to address the merits of Defendant's challenge to the magistrate court's subject matter jurisdiction even in the absence of a ruling from the district court. *See Allred*, 2017-NMCA-019, ¶ 20.

{3}     As we understand Defendant's contentions on appeal, she believes that the adjudication of traffic citations is not a criminal matter, but an administrative matter

for the Taxation and Revenue Department. [DS 8; MIO 2, 4-6] Defendant's belief seems to stem, at least in part, from statutory language in the Administrative Hearings Office Act, NMSA 1978, §§ 7-1B-1 to -9 (2015), and in the Motor Vehicle Code, NMSA 1978, § 66-2-3 (2007). Defendant's understanding is misguided.

{4}     With regard to the Administrative Hearings Office Act, as its title suggests, this Act applies to administrative proceedings, not to criminal proceedings. *See, e.g*, § 7-1B-9(F) ("Nothing in this section shall be construed to authorize a criminal proceeding[.]"); § 7-1B-8(E) ("Nothing in this section shall be construed to authorize a criminal proceeding[.]"). Also, contrary to Defendant's understanding, Section 7-1B-6(C)(4), which vests authority in the administrative hearing office to "conduct all adjudicatory hearings pursuant to the Motor Vehicle Code[,]" does not refer to adjudicatory hearings in the prosecution of crimes under the Motor Vehicle Code. The adjudicatory hearings to which Section 7-1B-6(C)(4) refers are administrative adjudications as opposed to administrative rule-making hearings.

{5}     To the extent that Defendant believes that traffic laws are enforced administratively and that she is not subject to the Motor Vehicle Code because she is not a member of the administration [DS 8], this, too, is misguided. NMSA 1978, Section 66-7-5(A) (1978), states:

> The provisions of Article 7, Chapter 66 NMSA 1978, [the traffic laws]
> applicable to the drivers of vehicles upon the highways, shall apply to

4

the drivers of all vehicles owned or operated by the United States, this state or any county, city, town, district or any other political subdivision of the state, except as provided in this section and subject to such specific exceptions as are set forth in Article 7, Chapter 66 NMSA 1978 with reference to authorized emergency vehicles.

{6}    To the extent that Defendant relies on language in the Motor Vehicle Code, Section 66-2-3(A), that provision indicates that the observance, administration, and enforcement of the Motor Vehicle Code are duties that the Department of Taxation and Revenue shares "in cooperation with state and local agencies as provided by law[.]" NMSA 1978, Section 66-7-3 (1978), entitled "Required obedience to traffic laws," states: "It is unlawful and, unless otherwise declared in the Motor Vehicle Code . . . with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in Article 7 of Chapter 66 . . . [the traffic laws]." Also, NMSA 1978, Section 66-8-7(A) (1989), states: "It is a misdemeanor for any person to violate any provision of the Motor Vehicle Code . . . unless the violation is declared a felony." *See also* NMSA 1978, § 66-8-131 (1990) (providing that "uniform traffic citation[s] used as a notice to appear [constitute] a valid complaint"). Thus, generally, New Mexico traffic laws are universally applicable to drivers on public roads in New Mexico; and generally, violations of the traffic laws are criminal acts punishable as misdemeanors.

**{7}** "Magistrates have jurisdiction in *all cases* of misdemeanors and petty misdemeanors[.]" NMSA 1978, § 35-3-4(A) (1985) (emphasis added); *State v. Anaya*, 1997-NMSC-010, ¶ 22, 123 N.M. 14, 933 P.2d 223 (explaining that magistrate courts have jurisdiction over all misdemeanors and petty misdemeanors and any other criminal action where jurisdiction is granted by law, and they have concurrent jurisdiction with district courts to try offenders for misdemeanor DWI under the Motor Vehicle Code).

**{8}** In the current case, Defendant was issued traffic citations for speeding, in violation of NMSA 1978, Section 66-7-301 (2015) [RP 4 (No. 36,359)], and driving with expired registration of a vehicle, in violation of NMSA 1978, Section 66-3-19 (1995). [RP 4 (No. 36,358)] These are criminal acts punishable as misdemeanors, enforceable by state and local police, and can be prosecuted in magistrate court. Section 66-7-3; § 66-8-7(A); § 66-8-131; § 66-8-131; § 35-3-4(A). Thus, we hold that the magistrate court properly exercised jurisdiction over Defendant's traffic citations, and therefore, could try her, accept her plea, and sentence her in accordance with law.

**{9}** Also in her response to our notice, Defendant now seems to contend that she does not own a "vehicle" as defined by the Motor Vehicle Code. [MIO 2] Defendant does not explain whether or how she preserved this issue in the magistrate and district courts; and the record does not suggest that she did. "In order to preserve an issue for

6

appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056. "We generally do not consider issues on appeal that are not preserved below." *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 (internal quotation marks and citation omitted).

**{10}** We treat this new assertion as a motion to amend the docketing statement and deny it as not preserved and not viable. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309 (stating that in cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the Rules of Appellate Procedure); *see also State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (providing that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{11} Defendant does not provide us with any reference to evidence from which she did or could demonstrate that she was driving something that was not governed by the Motor Vehicle Code. To the extent Defendant's argument seeks to draw a distinction between automobiles and vehicles or motor vehicles [MIO 2], we are not persuaded. The Motor Vehicle Code defines "motor vehicle" as "every vehicle that is self-propelled and every vehicle that is propelled by electric power obtained from batteries or from overhead trolley wires, but not operated upon rails[.]" NMSA 1978, § 66-1-4.11(H) (2015). It defines "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, including any frame, chassis, body or unitized frame and body of any vehicle or motor vehicle, except devices moved exclusively by human power or used exclusively upon stationary rails or tracks[.]" NMSA 1978, § 66-1-4.19(B) (2017). Contrary to Defendant's belief, it is not the courts that have created a broad definition for "vehicle" and "motor vehicle" [MIO 3]; these broad definitions were created and intended by the Legislature.

{12} For the reasons stated earlier, we hold that the magistrate court properly exercised jurisdiction to accept Defendant's plea and that Defendant has not established that she is an aggrieved party entitled to appeal to the district court. *See Gallegos*, 2007-NMCA-112, ¶ 9 ("A defendant who enters a voluntary and knowing

8

plea of guilty or no contest in an inferior court is not an aggrieved party for the purpose of appeal to district court."). We affirm the district court's order dismissing Defendant's appeal. *See State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684 ("Under the right for any reason doctrine, we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." (internal quotation marks and citation omitted)).

{13}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**STEPHEN G. FRENCH, Judge**