This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF ROSWELL,**

Plaintiff-Appellee,

**v.**                                                    **No. A-1-CA-35874**

**FRANK LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Office of the City Attorney
Aaron S. Holloman
Roswell, NM

Paul V. Sanchez
Roswell, NM

for Appellee

Frank Lucero
Roswell, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1} Defendant has appealed from numerous convictions, including unlawful use of a license (suspended), lack of proof of financial responsibility, lack of evidence of registration, failure to display current valid license plate, and a stop lamp/signal device violation. [RP 19] We previously issued a notice of proposed summary disposition in which we proposed to reverse in light of the apparent absence of a valid waiver of counsel. Plaintiff (the City) has filed a response in opposition. After due consideration, we remain unpersuaded. We therefore reverse.

{2} As an initial matter, we deny the City's motion to supplement the record. The information it seeks to present pertains to separate matters, and as a result, it is not properly incorporated in the record before us. *See generally* Rule 12-209(A), (C) NMRA (defining the record to include the papers and pleadings filed in the district court, and providing for supplementation "[i]f anything material to either party is omitted from the record proper by error or accident").

{3} The relevant background information was previously set forth in the notice of proposed summary disposition. We will not reiterate at length here. Instead, we will focus on the content of the memorandum in opposition.

{4} We understand the City to concede that Defendant was entitled to advisement of the right to counsel, to acknowledge that no signed waiver was obtained below, and to agree that this suggests structural error. [MIO 1] However, the City contends that

2

"Defendant manufactured the error" [MIO 1] by a subterfuge. It asserts that Defendant deceived the magistrate court into believing that he had signed the waiver of counsel form, when in reality he had merely written "not guilty" on the document. [MIO 3] The City contends that this was deliberate gamesmanship on Defendant's part, intended to allow him to proceed without counsel while simultaneously creating an avenue for relief on appeal. [MIO 4] Pursuant to the doctrine of invited error, the City urges this Court to reject Defendant's challenge. [MIO 2-7]

**{5}** To the extent that the City's characterization of Defendant's conduct is accurate, it is very concerning. *See State v. Arellano*, 1998-NMSC-026, ¶¶ 8, 18-19, 125 N.M. 709, 965 P.2d 293 (expressing disdain for gamesmanship where the defense elected not to alert the trial court to claimed "fundamental structural error" and waited for the verdict before objecting). However, as the City acknowledges, "the dry, context-free" documents contained within the limited record of the magistrate court proceeding does not substantiate the alleged artifice. [MIO 4] This is problematic. *See generally State v. Swafford*, 1989-NMCA-069, ¶ 27, 109 N.M. 132, 782 P.2d 385 ("Our review is limited to the record presented on appeal.").

**{6}** Mechanisms do exist by which the relevant events at the magistrate court level could be established. *See State v. Baca*, 2015-NMSC-021, ¶ 28, 352 P.3d 1151 (recognizing the authority of the district courts as factfinders to reconstruct magistrate

3

court nonrecord proceedings); *State v. Gallegos*, 2007-NMCA-112, ¶¶ 13, 19, 142 N.M. 447, 166 P.3d 1101 (recognizing that the district courts have authority on appeal to supplement magistrate court records, with the assistance of the magistrate judge's testimony, to determine the facts necessary to assess the legal validity of a waiver). In this case, however, we conclude that any such exercise would be academic.

{7}    In his docketing statement, Defendant asserted that when he appealed to the district court for a trial de novo, he was never advised of the right to counsel, he never waived counsel, and no *Faretta* hearing was held. [DS 2] Nowhere in its memorandum in opposition does the City dispute this assertion. We therefore accept it as true. *See Lopez v. State*, 1988-NMSC-062, ¶ 3, 107 N.M. 450, 760 P.2d 142 ("When a case is assigned to summary calendar, the facts in the docketing statement are accepted as true unless contested.").

{8}    A defendant is entitled to advisement of the right to counsel in successive judicial proceedings. *See* NMSA 1978, § 31-16-4(B) (1968) ("Upon commencement of any later judicial proceeding relating to the same matter, the presiding officer shall clearly inform the person so detained or charged of the right of a needy person to be represented by an attorney at public expense."). Accordingly, the advisement and waiver, if any, at the magistrate court level cannot be said to have effectuated advisement or waiver of the right to counsel in the subsequent de novo proceedings

4

before the district court. *Cf. State v. Martin*, 1969-NMCA-079, ¶ 2, 80 N.M. 531, 458 P.2d 606 (holding, where both the magistrate court and the district court advised of the right to counsel and where the defendant affirmatively waived counsel in *both* courts, the defendant effectively waived his right to counsel). And as previously indicated, we cannot presume such a waiver. *See Gallegos*, 2007-NMCA-112, ¶ 17 ("Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver." (internal quotation marks and citation omitted)). Under the circumstances, we must reverse. *See generally State v. Rivera*, 2012-NMSC-003, ¶ 20, 268 P.3d 40 (observing that structural errors, such as complete denial of the right to counsel, "infect the entire trial process, and necessarily render [the proceedings] fundamentally unfair[,]" thereby warranting "automatic reversal" (internal quotation marks and citation omitted)).

{9}     Accordingly, for the reasons stated in the second notice of proposed summary disposition, we reverse and remand for further proceedings consistent with this opinion.

{10}    **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

5

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**